## T. RATIGAN V. THE STATE.

*No. 287.  Decided May 5.*

33  301
35  213

1. **Carrying Pistol—Traveller Not Exempt, When.**—It is well settled that a traveller can not claim the benefit of his exemption under the pistol law where he stops over in his journey at any place and engages in business or pleasure, especially where he is found visiting saloons and disturbing the public peace.  Following Stilly v. The State, 27 Texas Crim. App., 445.

2. **Charge and Instructions Not Based on Evidence—Practice.**—A charge should be based alone on issues raised by the evidence, and requested instructions should always be refused where there is no proof authorizing them.

3. **Charge on the Weight of Evidence.**—It is error to instruct the jury to convict if certain specified facts are true, where other facts in evidence excusing the acts are not referred to.

4. **Same—Errors as to Matters of Law—Carrying Pistol.**—It is error to group certain facts in the charge and instruct the jury that such matters constitute in law an offense, and it is error to charge, as matter of law, that a person found at or near a saloon with a pistol is guilty of unlawfully carrying a pistol.

5. **Acts of the Legislature—Amendments of Penal Code—Caption—Section.**—Where it was objected that the Act of January 30, 1889, entitled, "An act to amend an act passed February 24, 1887," which was entitled, "An act to amend article 318, chapter 4, title 9, of the Penal Code," was invalid because the first section thereof did not express in terms the intention to amend the Penal Code, as did the caption, *Held*, the intention of the Legislature clearly appearing in the caption of the act, a failure to express the same intention in the first section of the act did not invalidate the law.

6. **Same—Titles to Acts—Amendments to Penal Code.**—Titles to acts of the Legislature should receive a liberal construction, and the Penal Code may be amended solely by reference to the article, title, and chapter sought to be amended.  Following Nichols v. The State, 32 Texas Crim. Rep., 392, and Ex Parte Segars, 32 Texas Crim. Rep., 553.

APPEAL from the County Court of Colorado.  Tried below before Hon. CHARLES RILEY, County Judge.

This appeal is from a conviction for unlawfully carrying a pistol, the punishment being a fine of $25.

The essential facts are sufficiently stated in the opinion, as is also the substance of the erroneous charges for which the judgment was reversed.

*Kennon & Adkins*, for appellant.—1. The Act of January 30, 1889, under which appellant was convicted, is not now, and never was, the law of this State regulating the carrying of arms, and is void in this, that article 318 of the Penal Code of the State of Texas was repealed and rendered obsolete by the Act of February 24, 1887, and the so-called Act of January 30, 1889, being an amendment to said obsolete and repealed article, is of itself void and of no effect.

The Penal Code of the State of Texas was constituted by the sole Act of March 17, 1879, which took effect on July 24th of the same

.year, said act being entitled, "An Act to adopt and establish the Penal Code and Code of Criminal Procedure for the State of Texas," and said article 318 then became the law regulating the carrying of arms, and so continued until repealed by the Act of February 24, 1887, which then became the law. Wherefore the Act of January 30, 1889, amending said repealed and void article of the code was itself void and without effect, leaving the Act of February 24, 1887, as the law of the State regulating carrying arms.

That the designation "Penal Code" has reference solely to the act adopting the report of the codifiers, see Act of July 24, 1879; Nichols v. The State, 32 Texas Crim. Rep., 391, and the case of McCrackin, 42 'Texas, 385, therein cited. That article 318 of the Penal Code was repealed, see Act of February 24, 1887. That the Act of January 30, 1889, amends the repealed article 318, see said Act of January 30, .1889.

2. The Act of January 30, 1889, regulating the carrying of arms, under which appellant was tried and convicted, and under which the trial court erroneously charged the penalty against him, is uncon-,stitutional, for the reason that the title of said act does not express the .subject of legislation embraced therein.

It will be seen by reference to the Act of January 30, 1889, that the caption thereof refers to article 318 of the Penal Code as amended by the Act of February 24, 1887, while the enactment amends simply article 318 of the Penal Code. For further statement and authorities in support of the above contention, the court is referred to the Constitution of the State of Texas, article 3, sections 35, 36.

The enacting clause of the Act of July 24, 1879 (see Willson's Criminal Statutes, p. 16), declares, that when adopted the said act shall constitute the Penal Code of the State. And since its passage, has been known, identified, and referred to as the "Penal Code," while all subsequent enactments are referred to as the act of such and such a date. In the case of Nichols, supra, Judge Simkins, speaking for the court, says: "Ever since the enactment of the Penal Code and Code of Criminal Procedure, * * * they have recognized the Penal Code as a single act, designed to embrace all offenses against the laws, complete within itself." And the same learned judge, further on in said opinion, quotes the language of Chief Justice Roberts in McCrackin's case, with reference to the code adopted August 26, 1856, as follows: "It (the Penal Code) has been amended continually ever since its adoption by referring to it in the titles of the amendatory acts as the 'Penal Code,' not meaning thereby generally the body of criminal laws in force in the State, but specially the Penal Code that was adopted as one act of the Legislature, approved August 26, 1856." This should be conclusive on that point. Now, it is true that the caption of January 30, 1889, .states that article 318 of the Penal Code was

amended by the Act of February 24, 1887, but that will not suffice. The caption being no part of the enactment, but simply the indorsement of the bill, for the convenience of those through whose hands it must pass in the process of its introduction and passage as a bill, which indorsement ought truthfully to inform them, as well as all others interested—though in this case it did not—of what was about to "Be (it) enacted by the Legislature," etc.    The impress of the authoritative mandate and command of the enacting body upon the bill begins only with the utterance, "Be it enacted," etc., without which no bill can become a law, let the caption state what it may.    Now, what is enacted (section 1) by the Legislature in this act?    What does it say shall be done?    Simply, "That article 318 of the Penal Code shall be and the same is hereby amended, so as to hereafter read as follows," etc., and not that said article as amended by the Act of 1887 should be amended, which it ought to have done.    And while the caption is no part of the law, still it must truly state the subject to be legislated upon as contained in the bill; for the reason that upon its introduction, for convenience, the caption only is read to call the attention of the lawmakers to what law is about to be passed or amended; and if this is not truly done, a deception takes place, and for that reason the Constitution very wisely requires that the enacting clause shall take effect and impress with authority only those subjects named in the caption.    While it may be held that in amending a law, reference to articles, chapters, etc., would fill the requirements of the Constitution on this point, still it must also be held, that if the enactment amends a different article than the one set out in the caption, then the caption does not state the subject legislated upon.    The only reason why it might be held that it is sufficient in amending a law to simply refer to the article, chapter, etc., to be amended, is, that those interested can make certain of what is about to be done by referring to the articles, etc., cited by the caption.    And while we think that the courts have gone too far in thus construing the Constitution, still in this case the reason for such holding does not exist, because the act amended is not truly cited in the caption of said Act of 1889, and no such information is imparted thereby.

*R. L. Henry*, Assistant Attorney-General, for the State.

SIMKINS, JUDGE.—Appellant was convicted of unlawfully carrying a pistol, and fined in the sum of $25.

There is no question that the appellant had on a pistol at the time alleged.    In fact, the evidence shows he had two on his person when disarmed.    When first found in possession of a pistol appellant claimed to be a deputy sheriff, and as such authorized to carry it; but it was ascertained by telegram that, while appellant had been a deputy

sheriff of Fayette County, his commission had expired some two or three months previously. Then appellant claimed to be a traveller going through the country selling horses. At the time he was disarmed appellant was in a saloon, drinking, cursing, threatening, and boisterous. He had freely visited saloons most of the day. The sheriff of the county was sent for, and when he started into the saloon where appellant was he was strongly dissuaded from entering by those outside, who feared trouble. The doctrine is well settled that a traveller can not claim the benefit of his exemption under the pistol law, where he stops over in his journey at any place and engages in business or pleasure, especially where it consists in visiting saloons and disturbing the public peace. Stilly's case, 27 Texas Crim. App., 445; Impson's case, 19 So. W. Rep., 677; George's case, 22 So. W. Rep., 43.

The county judge in his general charge correctly instructed the jury so far as related to appellant's defense as a traveller. He should have refused all charges as to his being a deputy sheriff, and all special charges that were requested. There was no proof before the jury that appellant, at the time he was charged with unlawfully carrying a pistol, was a deputy sheriff, nor that he had any reason for believing he was such. He was bound to know that his commission had expired. He knew that he had not been reappointed. The evidence conclusively shows these facts, and that issue was eliminated. But the court, at the instance of the county attorney, charged the jury, that if defendant left the livery stable with his pistol, and went to the restaurant to get his supper, and on his way stopped and entered Trojan's saloon, and there remained for awhile, drinking and purchasing drinks, and treating others, or that he entered Smolenski's saloon for a like purpose, he would not, at such times and places, be a person travelling, within the meaning of the statute, and would be guilty; or if defendant carried a pistol on his person at or near Juenger's saloon, in the city of Columbus, in Colorado County, Texas, then the State has by such proof made out a prima facie case of guilt against defendant, and it devolves upon him to excuse or justify the act. Appellant excepts to these and other similar charges asked by the county attorney, and given by the court, because they are charges on the weight of evidence, and because the jury are instructed to convict if certain specified facts are true, when other facts excusing the acts are not referred to. The objection is well taken. The charges are on the weight of evidence. The court can not charge, as matter of law, that a person found at or near Juenger's saloon with a pistol is guilty of unlawfully carrying a pistol. Neither should the court have gathered certain facts in his charge, and instructed the jury that such facts constituted, in law, an offense. 18 Texas Crim. App., 484. The court should content itself with instructing the jury, if necessary, what con-

stitutes a traveller, and then leave it to the jury to say if, under all the facts of the case, the defendant is a traveller.

But appellant insists that the Act of January 30, 1889, under which he was convicted, is unconstitutional and void, in that it purports to amend article 318 of the Penal Code, which was repealed by the Act of February 24, 1887, and in undertaking to amend a repealed law it could have no vitality or force in itself. Therefore the Act of 1887 is the only law in force, and appellant was not convicted under that law. If we examine the captions and first sections of the acts referred to, we find that the caption and section 1 of the Act of 1887 read as follows (see page 7): "An act to amend article 318, chapter 4, title 9, of the Penal Code of the State of Texas. Section 1. Be it enacted by the Legislature of the State of Texas, that article 318 of the Penal Code shall be amended to read as follows." The caption and section 1 of the Act of 1889 read as follows (see page 33): "An act to amend an act entitled 'An act to amend article 318, chapter 4, title 9, of the Penal Code of the State of Texas,' passed by the Twentieth Legislature, and approved February 24, 1887. Section 1. Be it enacted by the Legislature of the State of Texas, that article 318 of the Penal Code shall be and the same is hereby amended so as to hereafter read as follows." It certainly needs no argument to show that the Act of 1889 was intended to, and did, amend article 318 of the Penal Code, as amended by the Act of 1887. The title of the act expressly so declares. But counsel contend that the title is no part of the act itself, but simply an indorsement made upon the bill for the convenience of those through whose hands it must go in its introduction and passage through the Legislature; that the intention of the Legislature to amend the Act of 1887 should have appeared in the first section of the amending act, to receive judicial recognition. We do not think it must necessarily be so. The early English cases no doubt held the title of an act no part of it. Indeed, Lord Holt declared it to be like the title of a book—merely used to designate it. But such is not the law with us. The title of an act, under our Constitution (article 3, section 35), is made an important part of the act itself. While it is to receive a liberal construction (Nichols' case, 32 Texas Criminal Reports, 391), it must indicate the subject of the law passed thereunder, and becomes the test of the constitutionality of the several provisions of the act itself. The intention of the Legislature clearly appearing in the caption of the act, we are of the opinion that a failure to express the same intention in the first section of the act will not invalidate the law. Indeed, we may go further, and say that had neither caption nor first section made any reference to the Act of 1887, but simply amended the law by reference to the article, chapter, and title of the Penal Code, we would sustain the law upon the ground that the law so referred to was the Penal Code as last amended by the Legislature, for the Penal

Code still remains such, however amended it may be.   Segar's case, 32 Texas Crim. Rep., 553.

For erroneous charges given by the court, the judgment is reversed and cause remanded.

*Reversed and remanded.*

Judges all present and concurring.