## Ex Parte John Lambert.

### *No. 1050. Decided May 27th, 1896.*

**Habeas Corpus—Court of Criminal Appeals—Practice.**

The rule is now established, that the Court of Criminal Appeals will not, except in extraordinary cases, grant original writs of habeas corpus.

From Palo Pinto County.

Original application to the Court of Criminal Appeals for a writ of habeas corpus in a matter growing out of local option.

No statement necessary.

*Albert Stevenson,* for relator.

*Mann Trice,* Assistant Attorney-General, for respondant.

HENDERSON, Judge.—The applicant is charged by information with a violation of the local option law in Palo Pinto County, and has applied to this court for a writ of habeas corpus. As a part of his application, he has a statement from the County Judge suggesting that he believes that he is recused to try said case on habeas corpus, because a mandamus suit is pending against him and others, involving the validity of the local option election in Palo Pinto County. From the statement made, we do not understand the County Judge to be disqualified to entertain said writ. We are also of the opinion that this is a matter over which the district judges are authorized to entertain jurisdiction and grant the writ of habeas corpus. While the Constitution and the statute on this subject give this court jurisdiction to issue writs of habeas corpus, yet we do not believe it was the intention of the law makers to constitute this tribunal a nisi prius court for the purpose of issuing and trying indiscriminately all cases of habeas corpus. The Constitution and the laws of this State authorize us to review such cases on appeal,

and we now lay down the rule that, except in extraordinary cases, we will not entertain jurisdiction as a court to grant original writs of habeas. corpus. The application in this case is refused.

*Writ Refused.*