## TONY RAGAZINE v. THE STATE.

### No. 2125. Decided June 18, 1904.

**1.—Evidence—Objection to—Proof of Incorporation.**

Where the State without objection of defendant proved by parol the incorporation of the Tiger Island Oyster Company, and after the State had closed its testimony defendant moved the court to strike out said testimony because of the State's failure to make proper proof of such incorporation, the objection came too late.

**2.—Evidence—Custom of Taking Oysters Inadmissible.**

Testimony that from time immemorial the public had fished oysters from the reef from which defendant was accused of taking oysters, could not exculpate defendant from taking them after said reef or oyster bed became the property of the party alleged to have been injured, and was inadmissible.

**3.—Charge of the Court—Conceded Fact.**

It is no error to charge a fact that is conceded to be uncontradicted evidence of the State and the defendant.

**4.—Statutes Construed—Conflict—Last Law Prevails.**

Where there is such an irreconcilable conflict between two statutes that both can not stand, the statute last passed must be construed to prevail.

**5.—Same—Charge of the Court.**

Where article 529p, Penal Code, defines the offense of theft of oysters and is passed subsequently to article 527, Penal Code, which defines the offense of willfully taking oysters from a private bed, and there is striking similarity between the said statutes and such irreconcilable conflict between the two that both can not stand, it is held that article 529p must prevail and that the prosecution being based thereon was correctly submitted by the court to the jury.

Appeal from the County Court of Matagorda. Tried below before Hon. Jesse Mathews.

Appeal from a conviction for theft of oysters; penalty, a fine of $50.

The testimony of the State, after proving by parol the incorporation of the Tiger Island Oyster Company, was that defendant was seen on October 11, 1902, fishing oysters in Talbot's Bayou, about 300 yards up the bayou from its mouth or entrance at the bay; Talbot's Bayou is from sixty to seven yards in width and is one of the bayous leased by said company from I. P. Kibbe. When defendant was asked what he was fishing oysters there for, that he knew that it was the private property of the company, he said that the company did not want the oysters; if they did, they would keep up their fence. There was a fence across Talbot's Bayou about 200 yards from its mouth, or entrance at the bay, of which at the time one panel was down, which left a space large enough to admit small boats, but not large enough to admit regular fishing craft. Defendant was told to desist, or he would be prosecuted, but he refused to quit and continued to fish oysters there for several hours longer. Want of consent, time and venue as laid in the information were proved by the State. It was also shown that the alleged owner planted the oysters in said bayou; the field notes of the

company's lease were also introduced, and it was admitted that the said company held a possessory right and title to the land upon which was the said bayou from which the oysters were taken; also shown that the water at mean tide was from two to three feet deep there.

The defendant testified that he thought the public had a right to fish oysters there, that the fence was down and that the time he was seen was the only time he ever fished oysters there.

*J. E. Greer* and *W. C. Carpenter,* for appellant.—Parol evidence is not admissible to prove the existence of a corporation; but the same can only be proven by the original charter, or a certified copy of same. Sayles' Rev. Stats., art. 645; Temple v. State, 15 Texas Crim. App., 304; McWilliams v. State, 44 Texas, 116.

The court erred in refusing to allow defendant to prove by his witnesses that the oyster bed from which defendant was charged with taking oysters was a natural oyster reef, and that the public had taken oysters therefrom, without molestation, from time immemorial, as shown by his bill of exceptions number 2; because said evidence was material to defendant's defense, and because if said oyster reef was a natural one, it was reserved from location by private individuals, and defendant had the right to take oysters therefrom, and such taking would not have been a violation of law.

We submit, as a proposition, that the admission by defendant that the bayou from which the oysters were taken was within the boundaries of the grant of land held by the Tiger Island Oyster Company under a leasehold estate, was, and is, not an admission that the oyster bed was a private one; but that it would take the concurrence of certain other facts to make it a private bed. Willson's Texas Code Crim. Proc., art. 715; White v. State, 13 Texas, 133; Long v. State, 1 Texas Crim. App., 466; Brown v. State, 3 Texas Crim. App., 294; Webb v. State, 8 Texas Crim. App., 115; Babb v. State, Id., 173.

Defendant assigns as fundamental error the charge of the court in stating to the jury the penalty they might impose upon defendant in case they found him guilty; because the penalty so stated is prescribed by article 529p, while the affidavit for and information under which defendant was prosecuted are evidently based upon article 527 of the Penal Code, which prescribes a different penalty and is a different offense from that denounced by said article 529p.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted under article 529p, Penal Code, for theft of oysters, and his punishment assessed at a fine of $50.

The first bill of exceptions shows that the only evidence adduced by the State to prove the incorporation of the Tiger Island Oyster Company (the owner of the oyster beds) was the testimony of William

Sterling that said company was duly incorporated. After the State rested her case the defendant, by his counsel, moved the court to exclude said evidence, and instruct a verdict for defendant, because of the State's failure to make proper proof of such incorporation, which motion the court overruled. The bill is approved with this qualification. "The State proved by William Sterling, without objection on the part of defendant, that the Tiger Island Oyster Company was a corporation duly incorporated under and by virtue of the laws of the State of Texas, with its principal office in Victoria, Texas. That the first objection raised by defendant's counsel to this evidence was after the State had rested its case, some seven hours after the same was introduced, and then did so by oral motion, asking the court to withdraw the same from the jury because it was not the best evidence, but was secondary evidence, and therefore inadmissible to prove such fact; and further asked that, for this reason, the court charge the jury to return a verdict of not guilty." Appellant's objection to the testimony were well taken, if it had been made at the time the testimony was admitted. But failing to make his objection to the admission of the testimony at the time it was offered, he thereby waived his objection. The court did not err in overruling his motion to exclude said testimony.

Bill of exceptions number 2 shows that defendant offered to prove by several witnesses that the oyster reef from which defendant was accused of taking oysters was a natural oyster bed, and that from time immemorial the public had fished oysters therefrom without molestation. Which testimony, upon objection by the State, was excluded. To which ruling of the court defendant then and there excepted. The bill is approved with this qualification. "Defendant offered to prove that prior to the time that the Tiger Island Oyster Company laid claim to or acquired title to this said oyster bed, that the public did fish oysters therefrom without objection or molestation. The evidence shows that the Tiger Island Oyster Company acquired title in the year of 1896, that said title papers were duly recorded in said year; the fact of their acquiring title was notoriously published." We do not see that this testimony exculpates defendant from prosecution; nor do we think that the same could be used for that purpose. The mere fact that persons, prior to the time the corporation bought or leased the property, had been in the habit of getting oysters from said bed without molestation, would not give appellant the right to fish oysters, after the corporation had fenced the property and planted oyster beds upon the land. Furthermore, the evidence shows that appellant entered the inclosure where the fence was partly down, and was caught in the act of taking the oysters. When informed that he was trespassing and taking property not his own, he refused to desist.

Bill number 3 complains of the following paragraph of the court's charge: "You are further charged that the defendant has admitted that at the time the defendant is alleged to have taken the oysters in question, the Tiger Island Oyster Company held a possessory right and

title to the land upon the bayou from which the said oysters are alleged to have been taken, under a lease from the owners of the fee simple title thereto; therefore, I charge you that the bed from which said oysters were taken, if you believe beyond a reasonable doubt said oysters were taken as charged, was the private bed and property of the said Tiger Island Oyster Company," because said charge is on the weight of the evidence, and an invasion of the province of the jury. The court qualifies this bill, as follows: "The evidence introduced by the State clearly shows that title of the land on which the oyster bed was situated and from which the oysters were taken, and further that the defendant by his counsel admitted the title to said land to be in the Tiger Island Oyster Company." Certainly it is not error for the court to state a fact that is conceded to be uncontradicted evidence of the State and defendant.

Appellant in his brief insists that the court committed a fundamental error in the charge in stating to the jury the penalty they might impose upon defendant in case they found him guilty, because the penalty so stated is prescribed by article 529p, Penal Code, while the affidavit and information upon which defendant was prosecuted was based upon article 527, Penal Code, which prescribes a different penalty, and is a different offense from that denounced by article 529p. The information charged that appellant did then and there unlawfully and fraudulently take oysters, etc. Article 529p says that a party taking oysters as therein stated shall be guilty of theft. We see nothing in the indictment to show that appellant's contention is correct. On the other hand, we find that article 527 says that "any person who shall willfully take oysters from a private bed," etc., shall be guilty, etc. The word "willfully" would indicate that the pleader in the information was not attempting to allege the offense under article 527 at all. At any rate the indictment is correct under article 529p. However, we find there is a striking similarity between the two statutes. The first part of each is practically a copy of the other. We have found some difficulty in tracing the origin of the two statutes, but have discovered that article 529p was passed subsequent to article 527. There is such an irreconcilable conflict between said statutes that both can not stand, prescribing, as they do, practically the same punishment for the same offense. This being true, the statute last passed, to wit, article 529p, must be construed as overruling, or rather repealing article 527, and we so hold. It is a well known rule of law that where there is an absolute and irreconcilable conflict or repugnancy between the two statutes, the statute last enacted will control. Cain v. State, 20 Texas, 355; Chiles v. State, 1 Texas Crim. App., 27; Holden v. State, 1 Texas Crim. App., 225; Davis v. State, 2 Texas Crim. App., 425; Neill v. Keese, 5 Texas, 23; Bryant v. Sundburg 5 Texas, 418. It follows, therefore, that appellant's insistence is incorrect. The court properly charged the last article of the statute on the subject. The evidence amply supports the verdict. The judgment is affirmed.

*Affirmed.*