## EX PARTE R. M. COX.

### No. 4330.   Decided March 18, 1908.

**1.—Habeas Corpus—Hunting With Firearms in Enclosed Lands—Collateral Attack.**

The county court being a court of general jurisdiction in misdemeanor cases, its judgments can not be collaterally attacked, and the writ of habeas corpus is not available for that purpose. Following Ex parte Call, 2 Texas Crim. App., 497, and other cases.

**2.—Same—When Writ of Habeas Corpus is Available—Void and Voidable —Jurisdiction.**

It is only in cases where the judgment is absolutely void that the writ of habeas corpus is available, and not in cases where such judgment is voidable. Errors committed on the trial of the case do not render the judgment void, if the court has jurisdiction.

**3.—Same—Appeal—Certiorari—Supersedeas.**

The writ of habeas corpus is not available as a means of effecting the purposes of an appeal, certiorari or supersedeas. Following Perry v. State, 41 Texas, 488, and other cases.

**4.—Same—Sufficiency of Complaint.**

The writ of habeas corpus is not available to test the sufficiency of a complaint. Ex parte Beverly, 34 Texas Crim. Rep., 644.

**5.—Same—Codification of Statutes.**

In the codification of the Statutes of 1895, the codifiers were instructed to bring forward only laws which were not repealed, and if previous Legislatures had repealed or amended any law, that they should bring forward the amendment and drop such repealed law.

**6.—Same—Amendment of Penal Code—Codification.**

Where a penal statute, article 804, Penal Code, prohibiting hunting in enclosed land, was passed in 1885, and was amended in 1893, such amendment was brought forward by the codifying act, although the codifiers by mistake or otherwise, may have omitted said amendment, and an amendment of said article in 1903 would read as the act of 1893, and at all events, the last amendment was proper and is valid.

**7.—Same—Void and Voidable—Defective Complaint.**

Where it was contended that the act of the Legislature in 1903, concerning hunting in enclosed lands, was void because of the fact that it purported to be an amendment of article 804, Penal Code of the Act of '1885, which had been amended in 1893, and was not an amendment of the Act of 1893, by reason of the codification of the Statutes, the writ of habeas corpus was not available, as any defects in the complaint could not be considered in a proceeding for habeas corpus.

From Bosque County.

Original application for habeas corpus for release from commitment under a conviction in justice court and county court for violating 804, Penal Code, for hunting in enclosed lands, etc.; penalty a fine of $10; relator claiming said conviction to be void.

The opinion states the case.

*L. W. Campbell, J. A. Kibler, J. P. Word,* and *Cureton & Cureton,* for relator.—On question of invalidity of law, French v. State, 14 Texas

Crim. App., 76; Robertson v. State, 12 Texas Crim. App., 541; 26 Am. & Eng. Ency. of Law, page 703–704, sec. 3. On question of repeal. In re Terrett (Montana) 86 Pacific Rep., 266. On question of repeal by implication. Ex parte Kimbrell, 47 Texas Crim. Rep., 333; 83 S. W. Rep., 382; Ex parte Keith, 47 Texas Crim. Rep., 283; 83 S. W. Rep., 683. On question of laws passed by same Legislature. McGrady v. Terrell, 84 S. W. Rep., 641. On question of codification. Runnels v. State, 77 S. W. Rep., 458; Brannock v. St. Louis, R. C., 98 S. W. Rep., 604. A revision is presumed not to alter existing law; 8 Current Law, page 1987, Section 5.

*F. J. McCord,* Assistant Attorney-General, for the State. Cases cited in opinion.

RAMSEY, JUDGE.—This is an original application for habeas corpus filed in this court.

The relator raises some interesting questions, and has sought to sustain his contention in a brief showing great learning, and on oral argument, supported same with much plausibility. We think, however, after careful investigation, that, as presented, relator's position cannot be sustained.

The brief filed in the case of counsel for respondent contains a statement of the facts, and such a clear enunciation of the law (eliminating some incidental matters not necessary to be considered) that we adopt it as the opinion of the court. It is as follows:

"The historical facts preceding and out of which these proceedings grew, are as follows: The applicant R. M. Cox was charged by complaint filed in the justice court of precinct number 2 of Bosque County, with the offense of having unlawfully entered upon the inclosed lands of one Woody, without his consent, and which comprised less than 2,000 acres, and therein hunted with fire-arms, etc.

The case was tried in the justice court where applicant was duly convicted, and appealed the case to the county court of Bosque County, where he was again tried and convicted and his punishment assessed at a fine of $10 and costs.

The County Court being a court of general jurisdiction in misdemeanor cases, its judgments cannot be collaterally attacked, and the writ or habeas corpus is not available for that purpose. See Ex parte Call 2, Texas Crim. App., 497; Ex parte Scwartz, 2 Texas Crim. App., 74; Ex parte McGill, 6 Texas Crim. App., 498; Ex parte Boland, 11 Texas Crim. App., 159; Ex parte Dickerson, 30 Texas Crim. App., 448; Ex parte Branch, 36 Texas Crim. Rep., 384. It is only in cases where the judgment is absolutely void that the writ is available and not in cases where such judgment is voidable. Errors committed on the trial of the case do not render the judgment void. If the court had jurisdiction, the judgment is not void.

The writ of habeas corpus is not available as a means of effecting

the purposes of an appeal, certiorari or supersedeas. Perry v. State, 41 Texas, 488; Darrah v. Westerlage, 44 Texas, 388; Ex parte Scwartz, 2 Texas Crim. App., 74; Ex parte Oliver, 3 Texas Crim. App., 345; Ex parte Slaren, 3 Texas Crim. App., 662; Ex parte Mabray, 5 Texas Crim. App., 93; Criffin v. State, 5 Texas Crim. App., 457; Ex parte McGill, 6 Texas Crim. App., 498; Ex parte Boland, 11 Texas Crim. App., 159; Ex parte Dickerson, 30 Texas Crim. App., 448; Milliken v. City Council, 54 Texas, 388.

The writ is not available to test the sufficiency of a complaint. Ex parte Beverly, 34 Texas Crim. Rep., 644.

Now, with regard to the case on its merits, it will be contended that the Act of 1903, Twenty-Eighth Legislature, page 159, is void, because of the fact that it purports by its caption, to be an amendment to article 804 of the Penal Code, and it is claimed that there was then no such article as 804.

The first act on this subject was the Act of March 31st, 1885, which made it an offense to enter upon the enclosed and posted lands of another, without his consent, and therein hunt with fire-arms, etc. The second section of this act defined posting and provided how it should be done.

The next act was passed by the Twenty-Third Legislature in 1893, May 1st (page 87) and provided and made it an offense to enter upon the enclosed lands of another, without his consent and therein hunt, etc. This act contained a number of provisos, and was amendment to Act of 1885.

The next act was the codification of the statutes, in 1895. In this codification, the Act of 1885 was brought forward and re-enacted.

The next act was in 1903, the Twenty-Eighth Legislature, page 159. This act was an amendment to article 804 of the Penal Code of 1895, and made it an offense to enter the enclosed lands of another and hunt, etc.

The contention is, that as the Act of 1903 is an amendment to article 804 of the Penal Code, and that article is a copy of the Act of 1885, which had been amended in 1893, and not an amendment of 1893—act, that this act (1903) is void.

In the codification of the statutes, the codifiers were instructed to bring forward only laws that were not repealed, and if the Twenty-Third and Twenty-Fourth Legislatures had repealed or amended any law, that they should bring forward the amendment and drop such repealed law.

Now, if the adoption of the codified Penal Code was not a re-enactment of the statute as it reads in the Penal Code, it was such a recognition of that law as would make it capable of being referred to in the Act of 1903, for the purposes of amending that subject. Again, if the codifiers disobeyed their instructions or made a mistake in omitting the Act of 1893, in the codification, then the law would bring forward the amendment of 1893 and insert it as article 804 of the Penal Code, and in

such case, article 804 of the Penal Code would read as the Act of 1893 does, and not as the Act of 1885, as shown in the Penal Code, and in either event, the Act of 1903 being an amendment to article 804, was proper and said Act of 1903 is valid. Then again, if the Act of 1903 is not in force, then the Act of 1893 is, and if such be the case, the writ must be denied herein, because the most that can be said under this prosecution is, that the complaint in this case would be only defective in not negativing some of the exceptions to the Act of 1893, and such defects cannot be taken advantage of in a proceeding for habeas corpus. Ex parte Beverly, 34 Texas Crim. Rep., 644.

Every presumption is in favor of the jurisdiction of the county court, and in favor of its judgments and the validity thereof, and unless it had no jurisdiction of the case, its judgments are valid, or to say the least of it, are not void.

If there is any law on this subject, then the court had jurisdiction, and its judgment is not void, and the writ must be denied herein.

The cases of Ratigan v. State, 33 Texas Crim. Rep., 301 and State v. Larkin et al, 90 S. W. Rep., 912 are strikingly in point by analogy."

Being of the opinion that the judgment of conviction in the County Court of Bosque County is not wholly void, it follows that relator should be and he is hereby remanded to custody.

*Remanded to custody.*