## EX PARTE JOHN G. McKAY.

No. 4822.   Decided December 5, 1917.

**1.—District Court—Habeas Corpus—Indictment.**

Where, in original habeas corpus proceedings before this court, relator contended that the indictment for felony found against him was invalid because it was not found or returned during a term of the District Court because the order of said court extending said term did not recite that the court was in the midst of a trial, and that therefore said indictment was void, and he should be discharged from illegal arrest thereunder; held, that inasmuch that the court had jurisdiction to enter said order, which was regular on its face, its validity must be presumed in a collateral proceeding.

**2.—Same—Habeas Corpus—Collateral Attack—Void and Voidable.**

A heabeas corpus proceeding is a collateral and not a direct proceeding, and is available against an order of court only in the event the order is void.   Following Ex parte Dickerson, 30 Texas Crim. App., 448, and other cases.

**3.—Same—Rule Stated—Jurisdiction—Order—Judgment—Presumption.**

It is the general and well established rule that when a court has jurisdiction to enter a particular order, or render a given judgment, and in the exercise of this jurisdiction enters an order or judgment, regular on its face, its validity is conclusively presumed unless set aside or annulled in a direct proceeding.   Crawford v. McDonald, 88 Texas, 626, and other cases.

**4.—Same—Voidable Judgment—Void Judgment—Rule Stated.**

The rule is that where a court has jurisdiction over the subject matter, although its judgment may be erroneous, it is not void and in such case it can not be reviewed on habeas corpus, and the exceptions to such rule are well understood. Following Ex parte Morgan, 57 Texas Crim. Rep., 551, and other cases.

**5.—Same—Rule Stated—Jurisdiction.**

Where jurisdiction depends upon the finding of a particular fact, the exercise of such jurisdiction implies the finding of that fact.   Following Stewart v. Anderson, 70 Texas, 588, and other cases.

**6.—Same—Case Stated—Rule Stated—Extension of Term.**

Where the Criminal District Court of Travis County was on July 21, 1917,. a court duly organized and in session, the Act of the Legislature vested in it the power to extend its term, and where it exercised that power and entered an order upon its minutes stating that the term was extended, this in itself, without a direct proceeding, determined that the facts existed which authorized it to make this extension, there being nothing on the face of the order or the record accompanying it showing that the court was without authority to make it. Following Ex parte Cox, 53 Texas Crim. Rep., 240.

**7.—Same—Rule Stated—Judgment—Void and Voidable—Color of Law.**

A judgment rendered when the court is not in session is void, and so when the court can not under the law be in session the judgment is without color of law, but a judgment rendered by a court purporting to be in session under an order regular on its face and which the law gave it the power to make is under color of law, and such judgment imports verity and can not be set aside except upon direct attack. Following Ex parte Juneman, 28 Texas Crim. App., 486,. and other cases.

**8.—Same—Indictment—Statutes Construed—Habeas Corpus—Appeal.**

In the absence of a motion to quash the indictment, relator's contention that. he is illegally restrained of his liberty because the indictment is void, in that the law under which it is drawn is in conflict with a subsequent law which has repealed or destroyed the former can not be considered in this court, as complete relief may be afforded by appeal, and the writ of habeas corpus is not available.. Following Ex parte Barfield, 44 S. W. Rep., 1095, and other cases.

**9.—Same—Void and Voidable Judgments—Rule Stated.**

The doctrine is well settled in this State that if the proceeding under which a person is held in custody and restrained of his liberty is merely voidable, he can not be released upon habeas corpus, but must seek his remedy in some other manner. Following Ex parte Schwartz, 2 Texas Crim. App., 74, and other cases..

**10.—Same—Court of Criminal Appeals—Jurisdiction—Nisi Prius Court.**

While the Constitution and statutes give this court jurisdiction to issue writs. of habeas corpus, it was not the intention of the law makers to constitute this tribunal a nisi prius court. Following Ex parte Japan, 36 Texas Crim. Rep.,. 482, and other cases.

**11.—Same—Rule Stated—Indictment—Habeas Corpus.**

The rule prevails in this court that when an indictment regularly presented attempts to charge the accused with an offense defined by the Penal Code, a writ of habeas corpus will not be awarded however irregularly the offense may be alleged. This rule is different when the prosecution is without warrant of law. Following Ex parte Cox, 53 Texas Crim. Rep., 240; Ex parte Roquemore, 60 Texas Crim. Rep., 282.

**12.—Same—Indictment—Statutes Construed—Repeal—Rule Stated.**

The rule is that concurrent Acts of the Legislature are to be construed together, and where they present no irreconcilable conflict or repugnancy, an implied repeal of an article of the Penal Code is not to be declared, and this court can not say that the instant indictment attempted to charge an offense unknown to the law, and it is therefore not void so as to authorize this court to discharge relator on habeas corpus, as this court does not pass upon irregularities of the indictment or other collateral questions, and where it appeared that subsequent to the passage of all the acts mentioned in Vernon-Sayles' Civil Statutes, articles 96 and 97 of the Penal Code are brought forward as a part of said code by the Act of 1911, the contention of relator that said articles 96 and 97 of the Penal Code were repealed can not be maintained. Following Joliff v. State, 53 Texas. Crim. Rep., 61, and other cases.

**13.—Same—Indictment—Questions Not Decided.**

This court does not pass upon irregularities of the indictment in habeas corpus proceeding; nor the Act creating the Criminal District Court of Travis County.

From Travis County.

Original habeas corpus proceeding asking relief from arrest under an indictment found when the court was not in legal session.

The opinion states the case.

*Martin & McDonald* and *A. E. Curtis,* for relator.—On question of court not in session: Brown v. State, 74 Texas Crim. Rep., 356, 169 S. W. Rep., 451; Wilson v. State, 37 Texas Crim. Rep., 381; Parker v. State, 35 id., 12, and cases cited in opinion.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, JUDGE.—Relator, in an original application for writ of habeas corpus, seeks his discharge from the custody of the sheriff of Travis County, who holds him under process purporting to issue from the Criminal District Court under an indictment for a felony.

Relator insists that the indictment is void and his restraint, therefore, illegal. The charged invalidity of the indictment is based in part upon the assertion that it was not found during or returned in a court in session. The indictment purports to have been returned into the Criminal District Court of Travis County. This court was created by chapter 17, page 27, of the Acts of the Thirty-fourth Legislature. It reorganized the Twenty-sixth and Fifty-third Judicial Districts composed of Travis and Williamson Counties, assigning to them the greater part of the civil litigation, and created in said counties the Criminal District Court, giving it jurisdiction of criminal matters and divorce proceedings. In section 4 of the Act the judge of said court is given the same powers that are vested in other district judges, and in the same section, subdivision (d), the terms of court are designated in the following language:

"The terms of said Criminal District Court shall be held each year as follows: In the County of Williamson on the first Monday in January, May and September, and continue in session for four weeks, unless continued longer by the judge thereof by an order duly entered; in Travis County on the first Monday in February, and may continue in session to and including the last Saturday before the first Monday in April; on the first Monday in June, and may continue to and including the first Saturday after the third Monday in July; and on the first Monday in October, and may continue in session to and including the last Saturday before the twenty-fifth of December, unless continued longer by the judge of said court by an order duly entered."

The minutes of the Criminal District Court contain the following entry:

"Order Extending Term of Court.

"And now on this the 21st day of July, A. D. 1917, it appearing to the court that a necessity exists for the extending of this, the June term, A. D. 1917, of the Criminal District Court of Travis County, Texas, on account of very important unfinished business of this court and for such reason:

"It is hereby ordered, adjudged and decreed by the court that this, the June term, A. D. 1917, of the Criminal District Court of Travis County, Texas, be and the same is hereby extended until and including Saturday, July 28th, A. D. 1917.

"James R. Hamilton,
"Judge Criminal District Court, Travis County, Texas."

The grand jury, regularly organized at the beginning of the term, continued in session until the 27th day of July, 1917, on which day the indictment in question was returned by them.

The general law of the State, Vernon's Civil Statutes, article 1726, contains the following provision:

"Whenever any District Court shall be in the midst of the trial of any cause when the time for the expiration of the term of said court, as fixed by law, shall arrive, the judge presiding shall have the power and may, if he deems it expedient, extend the term of said court until the conclusion of such pending trial. In such case, the extension of such term shall be shown in the minutes of the court before they are signed."

If when the indictment was returned the term of the court had expired, the indictment is void. Art. 445, C. C. P. The question as to the invalidity of the indictment, therefore, turns upon the question as to whether or not on the 27th day of July, 1917, when it was presented, the term of court at which the grand jury was organized was still in session. The court having undertaken to extend the term by the order quoted above, made and entered on the minutes on the 21st day of July, 1917, it follows that unless this order was void the court was still in session.

The position of the relator is, that the order mentioned was void. His contention is that it can not rest upon the special statute creating the Criminal District Court of Travis County for the reason that by the terms of that statute any special power that was given the court to extend its term was limited to the October term of said court; and that it can not rest upon the general statute giving the District Courts the authority to extend their terms, because the facts or conditions, under which District Courts are given such power, did not in this instance exist. Supporting this last named contention, it is shown by the agreed statement of facts that on the 21st day of July, 1917, when the court made its order extending the July term, "that the court was not in the midst of the trial of any case." Assuming that the power to extend the term rests alone upon the general statute, the question

arises, first, can the relator in a habeas corpus proceeding attack the order of the court extending the term by making proof that the facts, which authorizes the court to extend its term, did not exist? A habeas corpus proceeding is a collateral and not a direct proceeding, and is available against an order of court only in the event the order is void. Ex parte Dickerson, 30 Texas Crim. App., 448; Ex parte Boland, 11 Texas Crim. App., 159; Ex parte Japan, 36 Texas Crim. Rep., 482; Ex parte Ezell, 40 Texas, 451; Perry v. State, 41 Texas, 488; Ex parte Schwartz, 2 Texas Crim. App., 74, and numerous cases cited in Michie's Crim. Digest, p. 441; Ex parte Degener, 30 Texas Crim. App., 566.

It is a general and well established rule that when a court has jurisdiction to enter a particular order or render a given judgment, and in the exercise of this jurisdiction enters an order or judgment, regular on its face, its validity is conclusively presumed unless set aside or annulled in a direct proceeding. 23 Cyc., 1055; Sutherland v. DeLeon, 1 Texas, 250; Martin v. Burns, 80 Texas, 676; Murchison v. White, 54 Texas, 78; Michie's Digest of Texas Reports (Civil Cases), vol. 11, p. 133, subdiv. 9, and cases there cited.

The Supreme Court, in the case of Crawford v. McDonald, 88 Texas, 630, laid down the rule in the following language: "There is, however, another rule of law equally well settled upon principles of public policy, which precludes inquiry by evidence aliunde the record, in a collateral attack upon a judgment of a domestic court of general jurisdiction, regular on its face, into any fact which the court rendering such judgment must have passed upon in proceeding to its rendition." This principle is of universal application, and has been applied in courts of Texas throughout their history. Williams v. Ball, 52 Texas, 603, 36 Am. Rep., 730; Brown v. Christie, 27 Texas, 73, 84 Am. Dec., 607; Heck v. Martin, 75 Texas, 469, 17 Am. St. Rep., 915; Fowler v. Simpson, 79 Texas, 611, 23 Am. St. Rep., 370; Hardy v. Beaty, 84 Texas, 562, 31 Am. St. Rep., 80.

This court, in Ex parte Tinsley, 37 Texas Crim. Rep., 527, recognized the principle in the following language: "This brings before us the question whether or not the matters and things contained in the application show a void judgment, or one which is merely erroneous; the rule being that where a court has jurisdiction over the subject matter, although its judgment may be erroneous, it is not void, and in such case it can not be reviewed on habeas corpus." Ex parte Branch, 36 Texas Crim. Rep., 384; Ex parte Morgan, 57 Texas Crim. Rep., 551, and Ex parte Call, 2 Texas Crim. App., 497, in terms, support the rule. Exceptions to this rule will be found generally to embrace cases in which no appeal lies, such as contempt. Ex parte Degener, 30 Texas Crim. App., 566. And such as are founded on an unconstitutional law. Ex parte Keeling, 54 Texas Crim. Rep., 118; Ex parte Coleman, 53 Texas Crim. Rep., 93; Ex parte Cain, 56 Texas Crim. Rep., 538; Michie's Crim. Digest, vol. 3, pp. 436-441.

To determine whether or not the Criminal District Court of Travis

County had jurisdiction to enter the order extending its terms which it did enter on the 21st of July, 1917, quoted above, the inquiry is, did the court have the power, that is, did the law give it the power to do so? "Jurisdiction is simply power." Van Fleet on Collateral Attack on Judicial Proceedings, sec. 58, p. 70. Another definition is: "The power to adhere and determine and give the judgment rendered." Ex parte Reed, 100 U. S., 13. One test of jurisdiction is as follows: "Had the court the power under any circumstances to make the order or perform the act? If this be answered in the affirmativve, then its decision upon those circumstances becomes final and conclusive until revised by a direct proceeding for that purpose." Van Fleet on Collateral Attack, p. 83; Tallman v. McCarty, 11 Wis., 420. "Where jurisdiction depends upon the finding of a particular fact, the exercise of jurisdiction implies the finding of that fact." Van Fleet on Collateral Attack, sec. 62; Thornton v. Baker, 10 Atl. Rep., 617. In Stuart v. Anderson, 70 Texas, 588, jurisdiction is defined as "the power to hear and determine the matter."

The Criminal District Court of Travis County was on July 21st a court duly organized and in session. The Act of the Legislature vested in it the power to extend its term. It exercised that power and entered an order upon its minutes stating that the term was extended. It determined that the facts existed which authorized it to make this extension. Its recorded order recites that the necessity therefor existed, and fails by any recital to show or indicate that the necessity designated by the statute did not exist. There is nothing, therefore, in the face of the order, or the record accompanying it, showing that the court was without authority to make it. If a direct attack were made upon it, the facts before the court when it made it might be inquired into and their sufficiency passed upon, and the order, if invalid, set aside. On collateral attack, however, the presumption that the facts authorizing the court to make the order are conclusively presumed to have existed. In other words, on the face of the record the order is without vice, and therefore, not void, and this being true, is not subject to attack in a collateral proceeding by proof aliunde the record impeaching the verity thereof. Ex parte Cox, 53 Texas Crim. Rep., 240.

A judgment rendered when a court is not in session is not a judgment of the court and is void in any proceeding when it is shown that at the time it was rendered the court was not in session. Doss v. Wagner, 3 Texas, 515; Ex parte Juneman, 28 Texas Crim. App., 486; Parker v. State, 33 Texas Crim. Rep., 111. A judgment rendered when a court is not in session and can not under the law be in session, is without color of law. One rendered by a court purporting to be in session under an order regular on its face and which the law gave it the power to make, is under color of law and its judgments import verity, except upon direct attack.

Relator makes the point that he is illegally restrained because the indictment is void in that the law under which it is drawn is in conflict with a subsequent law, and that the latter repealing the law in

conflict destroyed the former. No motion has been made, so far as the record discloses, to quash the indictment. There has been no conviction under it, and if bad for the reasons stated no cause is disclosed why relief against relator will not be afforded in the trial court. Primarily, the jurisdiction of this court is appellate, and, generally speaking, where complete relief against any supposed error will be afforded by appeal the writ of habeas corpus is not available. Ex parte Barfield, 44 S. W. Rep., 195; Ex parte Boland, 11 Texas Crim. App., 159, and numerous other cases cited in Michie's Crim. Digest, vol. 3, p. 434. quote from Ex parte Boland, supra, as follows:

"Is the proceeding under which the relator is shown to be held void, or simply voidable? The doctrine is well settled, in this State at least, that if the proceeding under which a person is ˑheld in custody and restrained of his liberty is merely voidable, he can not be released on habeas corpus, but must seek his remedy in some other manner. The ordinary mode of seeking redress against a voidable judgment in a criminal proceeding would be by appeal. The writ of habeas corpus was never designed to operate as a writ of error, a certiorari, or as an appeal. Perry v. State, 41 Texas, 488; Darrah v. Westerlage, 44 Texas, 388; Ex parte Schwartz, 2 Texas Crim. App., 75; Ex parte Slaren, 3 Texas Crim. App., 662; Ex parte Oliver, 3 Texas Crim. App., 345; Ex parte Mabry, 5 Texas Crim. App., 93; Griffin v. State, 5 Texas. Crim. App., 457; Ex parte McGill, 6 Texas Crim. App., 498."

This rule is well expressed by Judge Davidson in the opinion in Ex parte Japan, 36 Texas Crim. Rep., 482, as follows:ˑ "This is an original application to this court for a writ of habeas corpus. We have heretofore held that, 'While the Constitution and statutes on this subject give this court jurisdiction to issue writs of habeas corpus, yet we do not believe it was the intention of the law-makers to constitute this tribunal a nisi prius court for the purpose of issuing and trying, indiscriminately, all cases of habeas corpus. The Constitution and laws of this State authorize us to review such cases on appeal.' See Ex parte Lambert (Texas Crim. App.), 37 Texas Crim. Rep., 435, 36 S. W. Rep., 81. The application could have been made to the judge of the County Court of Bell County, if, indeed, the applicant could have resorted to the writ of habeas corpus at all. This is doubtful. See Ex parte Ezell, 40 Texas, 451; Ex parte Dickerson, 30 Texas Crim. App., 448; Ex parte Reynolds, 35 Texas Crim. Rep., 437. It appears on the face of the application that the applicant had been convicted in the City Court of Temple of a misdemeanor, and, unless the judgment was absolutely void, he could not obtain relief by writ of habeas corpus. The application for writ of habeas corpus is refused."

The principles thus stated have been applied to indictments on numerous instances.ˑ Ex parte Webb, 113 S. W. Rep., 545; Ex parte Wolf, 55 Texas Crim. Rep., 23; Ex parte Beverly, 34 Texas Crim. Rep., 644; Ex parte Cox, 53 Texas Crim. Rep., 240; Ex parte Knapp, 57 Texas Crim. Rep., 411.

The rule prevailing in this court seems to be that when an indict-

ment regularly presented attempts to charge the accused with an offense defined in our Code, that a discharge on habeas corpus will not be awarded, however irregularly the offense may be charged. Ex parte Cox, 53 Texas Crim. Rep., 240. If, however, the prosecution is without warrant in law, relief against detention under it will be given by habeas corpus. Ex parte Roquemore, 60 Texas Crim. Rep., 282. In other words, where the offense with which the prisoner is charged is unknown to the law he will be discharged on habeas corpus. Republic v. Bynum, Dallam, 376.

The specific question raised grows out of the following facts disclosed by the record and briefs: The indictment against relator charging that while occupying the office of Secretary of State he received by virtue of his office a named sum of public money belonging to the State, and concludes as follows: "which said sum of money he did then and there unlawfully and fraudulently misapply, and did then and there unlawfully and fraudulently fail to pay the said sum of money into the Treasury of the State of Texas at the time prescribed by law, said State Treasury then and there being accessible to the said John G. McKay as such officer, as aforesaid, and open to business when said money was collected and came in the custody and possession of the said John G. McKay, as aforesaid, and on each and every day thereafter, including the 16th day of May, A. D. 1916. Against the peace and dignity of the State."

Article 96 of the Penal Code is as follows: "If any officer of the government, who is by law a receiver or depositary of public money, or any clerk or other person employed about the office of such officer, shall fraudulently take, or misapply, or convert it to his own use, any part of such public money, or secrete the same with intent to take, misapply or convert it to his own use, or shall pay or deliver the same to any person, knowing that he is not entitled to receive it, he shall be punished by confinement in the penitentiary for a term of not less than two nor more than ten years." This article was first passed in the year 1858, and has been brought forward in successive revisions, including that of 1911.

Article 97, P. C., which was passed in 1879, and also brought forward in the revision of the statutes of 1911, contains the following: "Within the term 'misapplication of public money,' are included the following acts:

"The use of any public money, in the hands of any officer of the government, for any purpose whatsoever, save that of transmitting or transporting the same to the seat of government, and its payment into the Treasury.

"The deposit, by any officer of the government, of public money in his hands, at any other place than the Treasury of the State, when the Treasury is accessible and open for business, or permitting the same to remain on deposit at such forbidden place, after the Treasury is open.

"The wilful failure of any officer to pay into the State Treasury, at the time prescribed by law, whatever funds he may have on hand.

"The special enumeration of cases of misapplication above set forth shall not be understood to exclude any case which, by fair construction of language, comes within the meaning of the preceding language."

In 1905 article 2434, Vernon's Sayles' Civil Statutes was enacted as a part of the depositary law. This article is as follows:

"If any officer charged with the duty of depositing State funds shall refuse to so deposit the same in a depository authorized to receive the same he shall be liable on his official bond therefor, and for interest on said amount which he has failed to so deposit, at the rate of five per cent per month, at the suit of the State or county, as the case may be; and this shall be a cause for removal from office."

Relator asserts the proposition that this enactment of the Legislature resulted in the repeal of articles 96 and 97, P. C., supra, insisting that it is a later inconsistent declaration of the law-making power and the general clause repealing laws in conflict was destructive of the articles of the Code·mentioned. Article 2434, supra, will be found in Title 44, Vernon's Sayles' Civil Statutes, containing the chapter on State depositories. Another article of the chapter, 2431, and which is the article prescribing who shall make deposits, is as follows:

"Any person whose duty it is to pay over to the State of Texas any money belonging thereto, or to any funds of said State, may pay the same to the State Treasury, or he may remit the same to, or deposit the same in any State depository which is then authorized to act as a State depository under this chapter, but, in case the party is a non-resident· of the State of Texas, said money so due, or to become due, shall be remitted direct to the State Treasurer at Austin."

Article 3837, Vernon's Sayles' Civil Statutes, first enacted in 1907, under the head of fees of State departments, enumerates the various fees and charges to be made by the department presided over by the Secretary of State by which he obtains public money. Article 3838 is upon the same subject, and article 3840 is as follows: "All fees mentioned in articles 3837 and 3838 shall be paid in advance into the office of Secretary of State and shall be by him paid into the State Treasury monthly." It will be noted that this Act was first passed two years subsequent to the passage of the depository law in 1905. The depository law was also amended in 1907, page 183, but the provisions quoted were not changed. Neither article 2431, supra, which designates the persons who are required to pay moneys into the Treasury or depository, nor article 2434 mentions the Secretary of State. Article 2431 would be broad enough to include him, but since the same Legislature that amended the depository law enacted article 3840, supra, directing the funds coming into the hands of the Secretary of State to be paid into the State Treasury monthly, it would seem that under the rule that concurrent Acts of the Legislature are to be construed together, that the duties of the Secretary of State with reference to funds would be those designated in article 3840, supra. This as a proper construction is emphasized by the fact that it is a specific declaration with reference to that particular office. Joliff v. State, 53

Texas Crim. Rep., 61; Webber v. State, 109 S. W. Rep., 182; Cain v. State, 22 Texas Crim. App., 355.

Article 3837 was amended by the Legislature in 1909 (see Acts 31st Legislature, p. 266) and the declaration made that moneys coming into the hands of the Secretary of State shall be paid into the State Treasury in the following language: "All fees mentioned in this article shall be paid in advance into the office of the Secretary of State, and shall be by him paid into the State Treasury monthly." Subsequent to the passage of all the acts mentioned above, articles 96 and 97, P. C., were brought forward as a part thereof by the Act of 1911. The statutes mentioned, it occurs to us, present no irreconcilable conflict or repugnancy, and in the absence of which an implied repeal of the articles in the Penal Code mentioned is not to be declared. Ragazine v. State, 47 Texas Crim. Rep., 46; Ex parte Kimbrell, 47 Texas Crim. Rep., 333; Ex parte Keith, 47 Texas Crim. Rep., 283; Snearly v. State, 40 Texas Crim. Rep., 507; Sneed v. State, 55 Texas Crim. Rep., 583. If any repugnancy existed between articles 2431 and 2434 and the Acts of the Penal Code mentioned, there is no impediment to a construction which would give effect to both. This being true, it is incumbent upon the court to so construe. Parshall v. State, 62 Texas Crim. Rep., 177; Aiken v. State, 64 S. W. Rep., 57; Ex parte Stubblefield, 1 Texas Crim. App., 757.

It appearing from the Act of 1909, page 266, that there was an express direction to the Secretary of State to pay moneys into the Treasury monthly, and that the same is declared by article 3840, supra, and that in the revision of the Penal Code of 1911, articles 96 and 97, attempting to define and prescribe penalties for the misapplication of public money, were brought forward and re-enacted as provisions of the Penal Code, we can not say that there is no law condemning as an offense the failure of the Secretary of State to pay into the State Treasury within a given time public moneys that come into his hands by virtue of his office. In other words, we can not say that the indictment attempts to charge an offense unknown to the law. It is, therefore, not void so as to authorize us to discharge relator on habeas corpus.

We do not pass upon the question as to whether the indictment contains irregularities. This is a question which the court has consistently refused to consider except upon appeal. Ex parte Webb, 113 S. W. Rep., 545; Ex parte Wolf, 55 Texas Crim. Rep., 231, and other cases cited in Vernon's Digest of Texas Crim. Rep., p. 441; Ex parte Windsor, 78 S. W. Rep., 510. Nor have we considered the interpretation of the Act of the Thirty-fourth Legislature creating the Criminal District Court of Travis County.

For the reasons stated the application is dismissed.

*Dismissed.*