## BUB THURMAN V. THE STATE.

### No. 2782. Decided February 10, 1904.

**1.—Indictment—Uncertain Date.**

The indictment charging a violation of the local option law alleged in the first portion of same that the defendant "on or about the —— day of —— A. D. 190— and anterior to the presentment of this indictment," committed the offense, and further on that "he did then and there unlawfully on October 15, 1901, an election in accordance with the laws of this State was held," etc. Held too uncertain to fix a date.

**2.—Evidence—Local Option—Book Entries.**

The true copies of the books or records from the office of the internal revenue collector may be admitted in evidence, but not the statements as to what the witness swears he saw recorded in these books, or the conclusion or understanding of witness as to what he saw with reference to such entries.

Appeal from the County Court of Eastland. Tried below before Hon. S. A. Bryant.

Appeal from a conviction for violating the local option law; penalty, a fine of $25 and twenty days in jail.

No statement necessary.

No brief for appellant has come to the hands of the Reporter.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Conviction for violating the local option law, penalty assessed being a fine of $25 and twenty days confinement in the county jail. Appellant moved to quash the indictment becaues the date of the offense as alleged is uncertain; and it charges the offense was committed on two or more separate and distinct dates. The indictment is as follows: * * * "That Bub Thurman, on or about the —— day of ——, A. D. 190—, and anterior to the presentment of this indictment in the county and State aforesaid, did then and there unlawfully on October 15th, 1901, an election in accordance with the laws of this State was held, under authority of an order of the Commissioners Court of Eastland County, Texas, theretofore duly made and published, to determine whether or not the sale of intoxicating liquors should be prohibited in said county, and the qualified voters at said election did then and there determine that the sale of intoxicating liquors should be prohibited in said county, and thereupon the commissioners court of said county did then and there pass and publish an order declaring the result of the said election and prohibiting the sale of intoxicating liquors in said county, and thereafter on, to wit, the 1st day of January, 1903, in said county, Bub Thurman did then and there unlawfully sell to one Richard Walker intoxicating liquors in violation of said law, against the peace and dignity of the State." It will be observed that in the first portion of the indictment, it is charged that Bub Thurman "on or about the —— day of ——, A. D. 190—,

and anterior to the presentment of this indictment," committed the offense. It is further alleged that he "did then and there unlawfully on October 15th, 1901, an election in accordance with the laws of this State was held," etc. This seems to be a mere jargon of words more than an intelligent allegation of anything. If this was intended to allege the date of the sale, then we have two dates: one in the year 190—, and the other in 1901. But it is so thrown in that it seems to be disconnected with everything, and it is difficult to tell whether the pleader intended it should refer to the local option election or to the date of sale, or either. It will be further observed there is a date near the conclusion of the indictment, which alleges the sale "on the 1st day of January, 1903." This character of pleading should not be tolerated.

By bill of exceptions number 6, it is shown that the witness L. A. Hightower was permitted to testify that he had been to Dallas, and into the office of the United States Revenue Collector of the Fourth District of Texas, and had gone over book number 10, record of special taxpayers, and gotten therefrom the following: "Name of J. M. Thurman. Business R. M. L. D. 4 Place Carbon. From what time—Aug. Amt. paid, $18.33. When paid—Aug. 22nd. Serial number 9907." And in connection with this the witness was permitted to further testify as follows: "My understanding is that the record covered taxpayers for present year from June 1, or July 1, 1902, to same date in 1903." Various, sundry and divers objections and exceptions were urged to the introduction of this testimony. We have held that copies of books or record from the office of the Internal Revenue Collector could be used in evidence. Gersteman v. State, 35 Texas Crim. Rep., 318; Lucio's case, 35 Texas Crim. Rep., 320; Pitner v. State, 37 Texas Crim. Rep., 268. But here the testimony is not a copy of any form. If this is shown to be a true copy of the book mentioned it would be admissible, but not so if the statement is what the witness swears he saw recorded in the book. We are further convinced that the witness Hightower's conclusion or opinion or understanding, as he calls it, that this record covered taxpayers from June or July 1, 1902, to the same date in 1903, is inadmissible. This bill of exceptions is well taken. Other bills of exception are so indefinite and uncertain that we pretermit any discussion.

For the error indicated, the judgment is reversed and the prosecution ordered dismissed.

*Dismissed.*