### JOE TERRY v. THE STATE.

#### No. 2907. Decided March 16, 1904.

**Local Option—Accomplice.**

Under the act of the Legislature which provides that the fact that a person purchases intoxicating liquor from any one who sells it in violation of law shall not constitute such person an accomplice, it is not error to refuse to instruct on the general law of accomplice testimony requiring corroboration.

Appeal from the County Court of Wilbarger. Tried below before Hon. J. A. Nabers.

ʿ Appeal from a conviction of violating the local option law; penalty, a fine of $75 and confinement for forty-seven days in county jail.

No statement necessary.

*Cook & Cook* and *F. P. McGhee,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of violating the local option law, the penalty assessed being a fine of $75 and forty-seven days confinement in the county jail.

This is a companion case to causes 2905, 2906, Joe Terry v. State and Buck Thurmond v. State, decided at the present term. In addition to the questions discussed in these cases, appellant insists the witness Hollars was an accomplice, and requested the court to charge the jury if they should find said Hollars so to be they could not convict on his testimony, unless corroborated. The charge was refused. The recent Legislature provided that "the fact that a person purchases intoxicating liquor from anyone who sells it, in violation of the provisions of this chapter, shall not constitute such person an accomplice." Acts Leg. 1903, p. 57, art. 407. The evidence is undisputed that the sheriff of Wilbarger County employed Hollars in the capacity of detective, and that he induced appellant to sell him quite a lot of beer. For his services Hollars was to receive $50, and the return of such money as he invested in the purchase of intoxicants from appellant. Under this act of the Legislature the charge was properly refused. This is the only question necessary to notice, the other matters involved having been previously decided adversely to appellant's contention in the cases already cited. The judgment is affirmed.

*Affirmed.*