## J. I. KING v. THE STATE.

### No. 4247.    Decided Feb. 12, 1908.

**1.—Local Option—Evidence—Internal Revenue License—Examined Copy—Constitutional Law.**

Upon trial for a violation of the local option law, there was no error in admitting in evidence an examined copy of an internal revenue license; and the law permitting such testimony is not violative of the constitutional provision that all persons shall be confronted by the witnesses against him. Following Dent v. State, 43 Texas Crim. Rep., 126.

**2.—Same—Insufficiency of Evidence.**

Where upon trial for a violation of the local option law, a conviction could be sustained only on the assumption that the defendant was the owner of the house in which the liquor was sold, and ran the business, and the evidence on this issue was meager and uncertain, the conviction could not be sustained.

Appeal from the County Court of Grayson. Tried below before the Hon. J. W. Hassell.

Appeal from a conviction of a violation of the local option law; penalty a fine of $25, and twenty days confinement in the county jail.

The opinion states the case.

*Smith & Wall,* for appellant.—On question of admitting internal revenue license.   Duke v. State, 42 Texas, 455; Huntsman v. State, 12 Texas Crim. App., 619.   On question of insufficiency of evidence, Strong v. State, 105 S. W. Rep., 785.

*F. J. McCord,* Assistant Attorney-General, for the State.   On question of sufficiency of evidence.   Beuchert v. State, 37 Texas Crim. Rep., 505; Willis v. State, 37 Texas Crim. Rep., 85; Potts v. State, 52 Texas Crim. Rep., 440.

RAMSEY, JUDGE.—Appellant in this case was convicted in the county court of Grayson County for unlawfully selling intoxicating liquors in violation of the local option law.

The facts in the case are brief, and are substantially as follows: About the 25th of March, 1907, one A. J. Jenkins, who had theretofore resided at Waxahachie, came to Sherman. He testifies he saw appellant in a house on South Travis street in said city, and that about the first of April, 1907, he was at the bar in said house where he saw defendant, and also one Knecht. That about the first of April, 1907, he purchased some intoxicating liquor from Gus Knecht; that he went in the place and called on Knecht for a half pint of whisky; that he got it for him, and gave it to him, and thereupon he handed the said Knecht a half-dollar, and he started to get some change, and about that time defendant came in the door and Knecht turned to him, and said "Give that man a dime," and I turned and walked out with my package.   He testifies that when

he went in Knecht was behind the bar; that he could not say whether any one else was present. That he did not see where Knecht got the liquor; that he went into a little room cut off at the end of the bar, and that Knecht stooped down and got the whisky. That he did not know what the defendant did with the half-dollar, but that defendant handed him a dime, and he turned and walked out. He further testifies that he had seen the defendant at that place before; he was in the main part of the building, and that he was generally knocking around and talking to the company. He also says that when he spoke to Knecht about buying the whisky defendant was not there, and he was not there when the whisky was delivered to him; that he could not say whether he put the whisky in his pocket before defendant came up. He testifies, however, when defendant came in Knecht told him he wanted change for a half-dollar, and that the witness wanted a dime; that defendant reached his hand in his pocket and pulled out some silver, and gave him a dime, and he went out. He also states besides whisky, they sell beer, soda water and frosty at that place. "I have bought all those things there."

The sheriff of Grayson County testifies, that he had known the business house in question at South Travis street for twelve or fifteen years, and that he saw appellant there frequently; that he usually saw him about the front door. He also testified that he had examined the records of the internal revenue liquor licenses issued to parties in Grayson County, in the office of the Internal Revenue Collector, at Dallas, and that he made a true copy of the record, and that the record shows internal revenue licenses were issued to Dulin & King (A. C. Dulin and J. I. King); that their place of business was at Sherman, and their occupation that of retail liquor dealers, and that same run from July, 1906, and that the date of the certificate was August 3, 1906.

In this state of the record, various questions were raised by appellant. The court gave, what we believe to be, a most excellent charge, fairly submitted the facts to the jury. The charge on the controverted issue was, as follows: "In order to make a sale, within the meaning of the law, it is not necessary that the defendant should in person deliver the liquor and receive the money, but the State must show by legal evidence beyond a reasonable doubt that the liquor was delivered with knowledge and consent, and at the instance and direction of the defendant, and that he or some one for him and for his use received the money therefor. And so in this case, if you believe from the evidence beyond reasonable doubt that the prosecuting witness, A. J. Jenkins, requested one Gus Knecht to let him, the said Jenkins, have some whisky, and that said Knecht, with the intention of selling same handed said Jenkins whisky, and that said Jenkins gave said Knecht money therefor, and that the defendant, knowing the purpose and intent of the said Knecht received the money or any part of the money for said whisky, then these facts would constitute a sale within the meaning of the law. But if, on the other hand, the defendant was merely changing money for the prosecuting witness, and the said Gus Knecht, or if he had no knowledge of any

purpose, if any purpose there was on the part of the said Gus Knecht, to sell intoxicating liquor to prosecuting witness Jenkins, or received no pecuniary benefit therefrom, that he would not be guilty of any offense, and if you so believe the facts to be, or if you have a reasonable doubt as to whether such are the facts, you will acquit the defendant and say by your verdict not guilty. Under the law of this State the failure of a defendant to testify in his own behalf cannot be considered as a circumstance against him, and in this case, you will not consider as a circumstance against him or for any purpose, the defendant's failure to testify."

Objection was made to the introduction of the examined copy of the internal revenue license, for the reason "it was not shown to have been taken from the records of the Internal Revenue Collector of this district; that the same is hearsay testimony, and that the presumption which the statute raises from the possession of an internal revenue license is as to a fact which is irrelevant and immaterial and inadmissible in a case of this character; and, said provision is violative of the bill of rights which guarantees to every man charged with crime the right to be confronted with the witnesses against him; and again, it violates the provisions of the bill of rights that guarantees to every man charged with crime to be tried by a fair and impartial jury, and such trial, according to the law of the land, as understood among English speaking people for many centuries, is that the jury shall in all instances pass on the weight of the evidence and the credibility of the witnesses." The testimony of the witness Howard was to the effect that he knew P. B. Hunt; that he was the Internal Revenue Collector for that district; that he got the book from which he made the examination from the chief clerk of the Internal Revenue Collector; that he knew it was the record of the Internal Revenue Collector because the chief clerk told him it was; that he handed him the book and said it was the record, and he made the copy. Again, he says that he knew it was the office, because "I saw the sign on the door 'Internal Revenue Collector's Office,' and I was told it was his office, too." We do not think the testimony of the witness Howard is such as would justify the exclusion of this testimony, but that same was properly admitted so far as the source from which the reported record came was concerned. Nor do we believe that the contention of appellant is correct that it is beyond the power of the Legislature to provide that the possession of such internal revenue license shall make a prima facie case against appellant that he is engaged in a business which the license shows he has permission of the Federal authorities to engage in; nor can we accede to the view that the admission of this testimony violates the constitutional provision of this State providing that all persons shall be confronted with the witnesses against them. In the most important concerns and enterprises of this life, provision is made for the introduction of records, copies, memorandums, archives, etc., and it has never been held, so far as we know, that the admission of these documents contravene this constitutional provision. Dent v. State, 43 Texas Crim. Rep., 126.

The only other question worthy of notice is as to whether the court erred in submitting the case to the jury, and as to whether their finding in response thereto affirming appellant's guilt is supported by the testimony. It is admitted that appellant did not in person sell the whisky, and he could be held, if at all, only on the proposition and theory that the evidence raises and supports the contention that he was a principal with Knecht who actually made the sale. As bearing on this question the evidence establishes the fact that defendant owned the house and run the business; that he had United States license to sell whisky, and the facts show that whisky was sold on the place. He was about the house not infrequently. The evidence shows there was a bar in the house; the evidence shows that whisky and frosty and other similar stuff were sold. This case, we think, comes within the decision of Beuchart v. State, 37 Texas, Crim. Rep., 505; Willis v. State, 37 Texas Crim. Rep., (2 cases) 85–87; Winnard v. State, 30 S. W. Rep., 555; and Wade v. State, 43 S. W. Rep., 995. As stated, the evidence is circumstantial. There are facts tending strongly to incriminate appellant. In the light of the whole case, in view of the verdict of the jury, and the action of the learned court who declined to set aside the verdict of conviction, we do not feel justified, under the well settled rules of law frequently adopted in this State, in interfering.

Finding no error in the record, the judgment of the court below is affirmed.

*Affirmed.*

ON REHEARING.

March 20, 1908.

RAMSEY, JUDGE.—The judgment of the court below was on a former day of this term affirmed. The statement was made in the opinion that the evidence established the fact that defendant owned the house and run the business where the sale was made. While this is perhaps a fair inference from the entire record, still on a more careful reading of the statement of facts, in the light of appellant's motion for rehearing, we are inclined to think that the facts stated above do not so incontestably appear as to justify the conclusion announced in the opinion. The evidence is very meager, and we do not believe that it would justify a conviction except upon the assumption, on which the opinion proceeds, that appellant, in fact, did own the house and run the business. Being convinced that we were in error in holding that the evidence establishes the fact that appellant owned the house and run the business, we believe it would be unjust to him to hold that the evidence sustains a conviction, and that it would be an unwise precedent for us to establish any such holding. It is therefore, ordered that the motion for rehearing be and the same is hereby granted, and the judgment of the court below reversed and the cause remanded.

*Reversed and remanded.*