### WILL BROADNAX v. THE STATE.

*No. 1819. Decided November 13, 1912.*

**1.—Selling Malt Liquors Without License—Circumstantial Evidence—Charge of Court.**

Where the evidence raised the issue of circumstantial evidence, and it was not directly shown that the defendant sold malt liquors, the court should have submitted a charge on circumstantial evidence.

**2.—Same—Evidence—Declarations of Third Party—Impeachment.**

Where, upon trial of selling malt liquors without license, hearsay declarations of third parties were admitted in evidence, who had not testified and had not been attacked in any manner, the same was reversible error.

**3.—Same—Evidence—Internal Revenue License.**

Where, upon trial of selling malt liquors without license, the State was permitted to introduce testimony that the witness went to defendant's al-

leged business place and there made a memorandum of the date, number, etc., of what he said was a Federal license for the retail of liquor, on the day of the trial, and the court admitted this memoranda in evidence, there was reversible error.

**4.—Same—Rule Stated—Examined Copy—Internal Revenue License.**

An examined copy of books or records of an internal revenue collector is admissible in evidence, but a witness can not testify from memory or from notes entered in a book or on paper as to what is shown in said books or records much less can he take notes or a memorandum from a posted paper which he says was an internal revenue license, and thus testify to the contents of that paper.

**5.—Same—Practice—Different Counts.**

Where defendant is acquitted under all counts of the indictment submitted, except the one for selling malt liquors without license, and another count was not submitted, he should only be tried thereafter upon the count of selling malt liquors without license.

Appeal from the County Court of Dallas County at Law. Tried below before the Hon. W. F. Whitehurst.

Appeal from a conviction of selling malt liquors without license; penalty, a fine of $250 and ninety days confinement in the county jail.

The opinion states the case.

*Walker & Williams* and *Robert B. Allen,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

ON REHEARING.

November 12, 1912.

DAVIDSON, PRESIDING JUDGE.—Appeal was heretofore dismissed. For sufficient legal reasons the case is reinstated to be disposed of on its merits.

The indictment contains several counts charging a violation of the liquor laws in different ways, the first of which charged appellant with keeping a disorderly house by selling liquors in the house; the third count charged appellant with violating what is known as the Fitzhugh-Robertson law regulating the retail of liquors, charging appellant with selling malt liquors without obtaining a license. The court submitted these two counts only to the jury, with further instructions that they could not convict of both. The jury convicted appellant under the last mentioned count, for selling malt intoxicants without license.

The State undertook to prove its case by showing the liquor was sold in a certain mentioned house and appellant was in and about the house, but failed to show he directly sold malt liquors. The theory of the prosecution was that appellant was connected in such manner with the sale not only of beer but of whisky as to bring him within the purview of the statute. The State, therefore, had to rely upon circumstantial evidence to prove its case. The court did not submit

this phase of the law, and appellant requested instructions, which were refused. An elaborate bill of exceptions is found in the record to this matter, and, therefore, sufficiently presents it. Many reasons are assigned and the testimony somewhat collated. We are of opinion that upon another trial the court should give this phase of the law if the facts are like they are as presented by this record.

Another bill recites that Ryan, chief of police of the city of Dallas, was permitted to testify that he knew Heinrich and Norris, who were thereafter placed upon the witness stand to testify, and after testifying that both of the named witnesses were police officers of the city of Dallas, witness was then permitted, on his direct examination, to testify that about September 2, 1911, they (speaking of Heinrich and Norris) brought him some whisky; that he had the whisky with him that these two policemen brought him, and produced and exhibited two pint bottles of whisky; that these witnesses brought him the bottle of whisky on September 2, 1911, and another bottle which he exhibited on August 24, 1911. This occurred in the city of Dallas. A great number of objections were urged to the introduction of this testimony. We are of opinion, as this bill presents the matter, this evidence was improperly admitted. This was testimony elicited from Ryan on direct examination by the State and before Heinrich and Norris had testified. Their testimony had in no manner been attacked and could not have been at that stage of the proceedings, because they had not testified. The testimony ought not to be admitted for another reason. These were matters occurring in the absence of the defendant between Ryan and the other policemen with which appellant was in no way concerned, and could not have been original evidence against appellant; it was hearsay, acts of third parties, which was not in any way binding upon appellant, and did not conduce legitimately to prove appellant's guilt. Upon another trial this evidence should not be permitted to go to the jury.

Another bill recites that Coombes testified for the State, and after stating that he was deputy sheriff of Dallas County, and had been since the 10th of April, 1911, he was permitted to further testify that he went to the place where Mr. Broadnax is charged with selling liquors, at No. 1110 Corinth Street; "it was today at noon when I went out there (this was the day the witness was testifying in this case). Yes, I went out there today, I saw a Federal license there; I made a memorandum of the date of it and the number. Yes, I have the memoranda with me that I took; it had 'United States Tax, 1911,' on top of it; the name of W. R. Broadnax was in that license; it was dated July 5, 1911, and ran to 1912; it was for a retail liquor dealer, and was issued by the United States Government and was No. 193448; it was up on the wall. It had $25.00 in figures on it." Many objections were urged to this and special instructions asked to the jury to disregard it, and motion was also made to exclude it from the consideration of the jury. So we have this question presented, first, on

exception taken to the introduction of the testimony; second, motion to exclude it, and third, a charge requested to the jury to disregard it in the consideration of their verdict. All these things were ruled against appellant, and the matters are set out in a very lengthy bill. There are substantial legal reasons why this testimony is not admissible, and these have been decided frequently by this court in a number of cases, and we deem it unnecessary here to repeat what has been so often said. These cases will be found reported in Branch's Criminal Law, sec. 558. This evidence, as shown by the bill, was but a memorandum taken by the witness upon a piece of paper or note book, did not purport to be an examined copy, and was but the notation of the witness as to what he saw in this document. See Goble v. State, 42 Texas Crim. Rep., 501; Biddy v. State, 52 Texas Crim. Rep., 412; Thurman v. State, 45 Texas Crim. Rep., 569. Mr. Branch, in his work above cited, in his usual condensed but felicitous manner thus states the rule from the decisions: "An examined copy of books or records of Internal Revenue Collector is admissible in evidence, but witness is not entitled to testify from memory or from notes entered in a book or on paper, as to what is shown in said books or records." King v. State, 53 Texas Crim. Rep., 101; Gerstenkorn v. State, 38 Texas Crim. Rep., 621; Terry v. State, 46 Texas Crim. Rep., 75, 79 S. W. Rep., 319; Lucio v. State, 35 Texas Crim. Rep., 320, and cases already cited. If the State desires to prove that appellant had taken out license to pursue the business of selling intoxicating liquors, either distilled, vinous or malt, it could do so by proving this by an examined copy of the record of the proper office, but the witness will not be permitted to testify that he took notes on a piece of paper or in a note book of what the record of that office showed and thus testify to these matters, much less should he take notes in a memorandum from a posted paper which he says was a United States Revenue license and thus testify to contents of that paper.

There was evidence introduced over objection of appellant that appellant or some one in the house sold whisky. He was acquitted under all counts of the indictment except the one for selling malt liquors. The first count was submitted to the jury charging him with keeping a disorderly house by selling directly and indirectly spirituous, vinous and malt liquors. The count under which he was convicted was for selling malt liquors, and the other count, which was not submitted, is for following the general business of a retail liquor dealer. The latter was not submitted to the jury, and, therefore, passed out of the case. Upon another trial the case will proceed alone upon the count for selling malt liquors.

For the reasons indicated the appeal is reinstated and the judgment is reversed and the cause is remanded.

*Reversed and remanded.*