SONTIE RHODES v. THE STATE.

No. 19881.   Delivered November 2, 1938.

The opinion states the case.

*Adams & McAllister,* of Nacogdoches, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The conviction is for possession of whisky for purpose of sale in dry area. The punishment assessed is a fine of $200.00.

It appears from the record that on the 30th day of June, four officers went to the home of appellant to make a search for whisky. Upon their arrival, there was present at the house besides appellant, two other negroes. Appellant invited the officers who appeared at his front door into his house. After they had entered, they informed him that they intended to search for liquor. He inquired as to whether they had a search warrant and they replied that they had none. Two of the officers left to secure one while two remained and talked to appellant. He finally told them where the beer and whisky was located and informed them that if they cared to search, they might just as well go ahead, as they would find it anyhow. They then found the liquors upon which this prosecution is based.

Appellant's contention is that the search was illegal and the evidence discovered as a result thereof was not admissible in evidence against him. We can not agree with him. He gave his consent to the search before the officers returned with a search warrant, thereby waiving the same.

By bills of exceptions numbers six to ten, inclusive, appellant complains because the court permitted the county attorney to prove by the county clerk that he had examined the minutes of the commissioners' court and found that an election was held within and for the County of Nacogdoches on the 8th day of March, 1906, which resulted in favor of prohibiting the sale of intoxicating liquors in said county. That the commissioners' court canvassed the returns and passed an order declaring the result of said election. The clerk was then asked by the county attorney if the allegations in the information were correct, to which the witness replied in the affirmative. Appellant objected thereto on the ground that it was a conclusion of the witness and an opinion; that it was hearsay and not the best evidence, since the records thereof were the best evidence.

We think appellant's contention must be sustained. The best evidence of the contents of a court record is the record itself or certified copies thereof under the hand and seal of the clerk. Parol evidence in their stead is not admissible over timely objection unless the record is lost, destroyed, or can not be obtained. See Thurman v. State, 45 Texas Crim. Rep. 569; Pool v. State, 102 Texas Crim. Rep. 451; Irish v. State, 25 S. W. 633.

Appellant also complains because the court declined to instruct the jury that if they found from the evidence that the half gallon of whisky found as a result of the search was possessed by three parties, each owning an equal interest therein, then to acquit him. A request for such an instruction was made on the theory that if the three parties owned and possessed the whisky jointly and that none of them owned more than a one-third interest therein, it would entitle appellant to an acquittal since one-third was less than a quart.

We can not agree with him in his contention. The joint possession of the whisky was the possession of each. Under appellant's theory, if he possessed two gallons, in which ten men had an equal interest, he would be entitled to an acquittal on the theory that he owned less than a quart. To so hold would almost vitiate the local option law.

All other matters complained of have been considered by us and are deemed to be without merit.

For the error pointed out, the judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.