Alejandro GUTIERREZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–86–008–CR.

Court of Appeals of Texas, Corpus Christi.

Nov. 20, 1986.

Gene A. Garcia, Corpus Christi, for appellant.

Grant Jones, Dist. Atty., Corpus Christi, for appellee.

Before SEERDEN, KENNEDY, and DORSEY, JJ.

## OPINION

SEERDEN, Justice.

Appellant was convicted of unauthorized use of a vehicle. By two grounds of error, he challenges the use of testimony of his former parole officer to prove a prior felony conviction during the punishment phase of his trial, and the court's failure to grant a mistrial after admission of the testimony. From the statutory range of 2 to 10 years' confinement, the jury selected 10 years. We reverse and remand.

The State called Joe Gonzalez, a federal parole officer who identified appellant and testified that he supervised him from May, 1980, to October, 1983. When he was asked about the conviction, appellant's attorney objected, citing the Best Evidence Rule. Although the parole officer was not present at the trial or sentencing, the court permitted him to testify to the sentence and the offense, possession of 200 pounds of marijuana. Outside of the presence of the jury, appellant's attorney established that the papers in the file from which the officer testified were not authenticated or certified copies of the judgment or sentence.

■ The State alleges that it may prove a prior conviction by the testimony of a witness who personally knows the defendant and the fact of his prior conviction and identifies him. *Daniel v. State*, 585 S.W.2d 688, 690 (Tex.Crim.App.1979); *Mullins v. State*, 699 S.W.2d 346, 350–51 (Tex.App.—Corpus Christi 1985, no pet.); *Lyle v. State*, 669 S.W.2d 853, 856 (Tex.App.—Corpus Christi 1984, no pet.); *Bautista v. State*, 642 S.W.2d 233, 236–7 (Tex.App.—Houston [14th Dist.] 1982, pet. ref'd, untimely filed). However, unless the State shows that it is unable to produce certified records, such testimony must be excluded if the Best Evidence Rule is invoked. *Bright v. State*, 585 S.W.2d 739, 743 (Tex.Crim.App.1979); *Thompson v. State*, 563 S.W.2d 247, 251 (Tex.Crim.App.1978).

■ The best evidence of the contents of a judicial act or proceeding is the record or a certified copy. Parol evidence in the stead of the document is not admissible over timely objection unless the record is lost, destroyed, or unobtainable. *Rhodes v. State*, 120 S.W.2d 1070, 1071 (Tex.Crim. App.1938); *see also Fletcher v. State*, 437 S.W.2d 849, 851–52 (Tex.Crim.App.1968). Here, the State did not show that it was unable to obtain certified records. The trial court's overruling of the objection was error. *Kessler v. State*, 514 S.W.2d 260, 262 (Tex.Crim.App.1974). We sustain appellant's grounds one and two.

■ The State offered no other evidence, such as evidence of other convictions or of appellant's reputation, at the punishment phase. Since the jury recommended the maximum term of imprisonment, we cannot say the error was harmless.

We REVERSE and REMAND.