**Alejandro GUTIERREZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

Court of Appeals of Texas,
Corpus Christi.

Feb. 11, 1988.

Gene A. Garcia, Corpus Christi, for appellant.

Grant Jones, Dist. Atty., Deanie M. King, Asst. Dist. Atty., Corpus Christi, for appellee.

Before NYE, C.J. and SEERDEN and DORSEY, JJ.

## OPINION

NYE, Chief Justice.

Appellant appeals his conviction by a jury of unauthorized use of a motor vehicle. The jury assessed punishment at eight years' confinement with a $2,000.00 fine. Appellant presents two points of error on appeal.

■ By his first point of error, appellant complains that the trial court improperly admitted testimony of his former federal parole officer to prove a prior federal conviction. During the punishment phase of the trial, the State called appellant's former federal parole officer as a witness. The parole officer testified from his own personal knowledge that appellant had previously reported to him under a Judgment and Probation Commitment Order from the United States District Court for the Southern District of Texas. The parole officer further identified, from his own recollection, the docket number of the order under which appellant reported.

■ Appellant argues that this testimony violated the Best Evidence Rule. Under this rule, the best evidence of the contents of a judicial act or proceeding is the record or a certified copy. Parol evidence in the stead of the document is not admissible over timely objection unless the record is lost, destroyed, or unobtainable. *Gutierrez v. State*, 721 S.W.2d 484, 485 (Tex.App.—Corpus Christi 1986, no pet.).

In the instant case, we find that the Best Evidence Rule was not violated. The State's witness did not testify to the contents of a judicial act or proceeding. The State introduced and the trial court admitted into evidence a certified copy of the judgment and probation commitment order of appellant's prior conviction. The parole officer, from his own personal knowledge, merely identified appellant as a former parolee who reported to him under a commitment order with the same docket number as the commitment order introduced into evidence by the State. Since this document did not have fingerprints or a photo of the purported defendant, the parole officer's testimony was necessary to link appellant to the document. The parole officer's testimony did not violate the Best Evidence Rule. Appellant's first point of error is overruled.

■ By his second point of error, appellant asserts that the document used to prove his prior conviction was not properly authenticated as required by Tex.R.Crim. Evid. 902(4) (Vernon pamph.1987). The document, entitled "Judgment and Probation/Commitment Order," shows that appellant was convicted of possession of 200 pounds of marihuana with the intent to distribute. This document bears a stamp which reads, "True Copy I Certify. Attest: Jesse E. Clark, Clerk by [signature] Deputy Clerk."

Tex.R.Crim.Evid. 902 provides that:

Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:

(1) Domestic public documents under seal. A document bearing a seal purporting to be that of the United States, or of any state, district, . . . and a signature purporting to be an attestation or execution.

(4) Certified copies of public records. A copy of an official record or report or entry therein, or of a document authorized by law to be recorded or filed and actually recorded or filed in a public office, including data compilations in any form, certified as correct by the custodian or other person authorized to make the certification, by certificate complying with paragraphs (1), (2), or (3) of this rule or complying with any statute or court rule prescribed pursuant to statutory authority.

The State's exhibit bears the seal of the federal district clerk's office, an attestation that the copy is a true copy of the original and a signature. Although this attestation is not a model form, it is sufficient to comply with the requirements of Rule 902(4). *Mullins v. State*, 699 S.W.2d 346, 350 (Tex.App.—Corpus Christi 1985, no pet.). Accordingly, we hold that the document was properly authenticated. Appellant's second point of error is overruled.

All of appellant's points of error have been considered and are overruled. The judgment of the trial court is AFFIRMED.