**Ernest Wayne McCALL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–87–222 CR.**

Court of Appeals of Texas, Beaumont.

April 20, 1988.

Jim Sharon Bearden, Orange, for appellant.

Donna Kalbow, Asst. Co. Atty., Orange, for appellee.

OPINION

DIES, Chief Justice.

Appellant was convicted by a jury of driving while intoxicated, subsequent offense, and the court assessed punishment at a fine of $500 and sixty days in jail. Appeal has been perfected to this court.

Point of Error No. 1:

"The trial court committed reversible error in allowing the State to elicit testimony from arresting officer that a traffic citation was issued to Defendant."

Appellant cites us *Nevarez v. State,* 671 S.W.2d 90, 92–93 (Tex.App.—El Paso 1984, no pet.), which states:

"In Grounds of Error Nos. Two and Three, Appellant complains of the introduction of testimony from the arresting officer that Appellant was issued traffic

citations for failure to yield right-of-way and failure to maintain financial responsibility. A description of the conduct constituting failure to yield right-of-way may be admissible on the issue of the extent to which the driver's mental and physical faculties have been impaired by alcohol consumption. The issuance of a traffic citation is not admissible for that purpose. Nor is there any basis for introducing evidence of lack of financial responsibility. Ground of Error No. Two is sustained."

However, the Statement of Facts does not bear out Appellant's contention. We herewith copy a portion of the Statement of Facts:

"Q  Was Mr. McCall given a ticket for speeding?

"A  No, he was not.

　　*　　*　　*　　*　　*　　*

"Q  Is there any particular reason on this evening that you did not give the Defendant a ticket for speeding?

"[DEFENSE COUNSEL]: Your Honor, We're going to object. This line of questioning is totally irrelevant and immaterial to any issue before this Court. And further, any statement the witness would make would be a self-serving declaration on his part and on behalf of the State.

"THE COURT: Overruled.

"THE WITNESS:

"A  The question was: Was there any reason I didn't—

"Q  (Nods)

"A  Primarily because the offense of speeding is not as hazardous or not as dangerous a crime as Driving While Intoxicated. There was no point in issuing a citation for speeding. The subject was arrested for Driving While Intoxicated."

This point of error is overruled.

■ Point of Error No. 2 states the trial court permitted improper jury argument by the State during the guilt-innocence phase of the trial. The argument complained of follows:

"The officers in this case did their job. They were out there looking—Trooper Davis was out there looking for a person he had been alerted to watch for, which is what he did. He saw that individual, he stopped him, he determined his condition and he arrested him and took him in for Driving While Intoxicated, and there is absolutely no evidence to dispute that either one of these officers did anything that they were not supposed to do, that everything they did was in accordance with what they had been trained to do and with what they were paid to do and with what the citizens of this State pay for them to do.

"So they've done their job. I respectfully submit that now it is time for you to do yours. The defendant is guilty—"

We find, in general, a plea for law enforcement authorized by *Todd v. State,* 598 S.W.2d 286 (Tex.Crim.App.1980), and thus overruled this point of error.

■ Point of Error No. 3 states:

"The trial court committed error in allowing the admission into evidence of State's exhibit No. 6 for failure to comply with Texas Rules of Criminal Evidence 902(4)."

The exhibit referred to is composed of documents contained in a former conviction, the last page of which is copied herein.

"THE STATE OF TEXAS  )

COUNTY OF JEFFERSON )

I, R.L. BARNES, Clerk, County Court of Jefferson County at Law No. 3, Jefferson County, Texas, do hereby certify that the above and foregoing is a true and correct copy of Complaint, Information, Waiver, Judgment & Probation Order & Motion to Revoke Probation in Cause No. 120551, styled State of Texas vs. Ernest Wayne McCall, as the same appears on file and of record in my office.

GIVEN UNDER MY HAND AND SEAL OF COURT, this the 20th day of November, A.D., 1986.

R.L. BARNES, Clerk, County Court, Jefferson County at Law No. 3
Jefferson County, Texas
By/S/ Reba Reeves Deputy"

*TEX. LOCAL GOV'T CODE ANN. sec. 82.005* (Vernon Pamph 1988) permits a dep-

uty clerk to act in the name of the principal.

Pertinent parts of *TEX.R.EVID. 902* follow:

"Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:

"(1) Domestic public documents under seal. A document bearing a seal purporting to be that of the United States, or of any State, district, Commonwealth, territory, or insular possession thereof, or the Panama Canal Zone, or the Trust Territory of the Pacific Islands, or of a political subdivision, department, officer, or agency thereof, and a signature purporting to be an attestation or execution."

And,

"(4) Certified copies of public records. A copy of an official record or report or entry therein, or of a document authorized by law to be recorded or filed and actually recorded or filed in a public office, including data compilations in any form, certified as correct by the custodian or other person authorized to make the certification...."

This point of error is overruled.

The judgment of the trial court is affirmed.

Affirmed.