**Jimmie Dewayne FARRAR, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–92–485–CR.**

Court of Appeals of Texas, Fort Worth.

Nov. 10, 1993.

R. Kelton Conner, Granbury, for appellant.

Richard L. Hattox, Dist. Atty., Granbury, for appellee.

Before FARRIS, HICKS and FARRAR, JJ.

OPINION

FARRIS, Justice.

Jimmie Dewayne Farrar was convicted of driving while intoxicated, subsequent offense. TEX.REV.CIV.STAT.ANN. art. 6701*l* –1 (Vernon Supp.1993). The jury found the alleged enhancement counts were true and assessed

Farrar's punishment at two years confinement and a fine of $2,000. On appeal, Farrar claims State's Exhibits 4 and 5 [1] were inadmissible and the court's instruction to disregard the prosecutor's comment on his failure to testify did not cure the harm caused by it. We overrule Farrar's points of error because the exhibits were properly authenticated and admitted, and Farrar waived error on his jury argument complaint. The judgment is affirmed.

In his first point of error, Farrar argues the documents used to prove his prior convictions were not properly authenticated.

"The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." TEX. R.CRIM.EVID. 901(a). Under TEX.R.CRIM. EVID. 902(4),

> Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:
>
> . . . .
>
> A copy of an official record or report or entry therein, or of a document authorized by law to be recorded or filed and actually recorded or filed in a public office, including data compilations in any form, certified as correct by the custodian or other person authorized to make the certification [or] by certificate complying . . . with any statute or court rule prescribed pursuant to statutory authority.

*Id.*

■ Here, State's Exhibit 4 contains documents from a former DWI conviction and the first page of the exhibit is the County Clerk's attestation:

> I, SUZANNE HENDERSON, Clerk of the County Criminal Courts of Tarrant County, Texas, do hereby certify that the *above* and *foregoing* is a true and correct copy of information in cause number 0317653 as the same appears on file and/or of record in my office. [Emphasis added.] GIVEN UNDER MY HAND and seal of said Court at office in the City of Fort

Worth, Tarrant County, Texas, this the 17 day of April 1991.

> SUZANNE HENDERSON,
> CLERK, COUNTY CRIMINAL COURTS
> TARRANT COUNTY, TEXAS
> BY *G.N. Humphrees* Deputy

The **first page** of State's Exhibit 5 contains an attestation like the one above except the cause number therein is 0326574.

Farrar claims because the attestations contain the terms *"above"* and *"foregoing"* instead of *"hereafter"* or *"attached,"* and the documents are attached **after** and not **before** the attestations, the exhibits were not properly authenticated.

In *McCall v. State*, 750 S.W.2d 307, 308 (Tex.App.—Beaumont 1988, no pet.), the court found County Clerk Barnes' attestation properly authenticated the documents. The attestation in that case and the attestations here are similar in that they all use the terms *"above"* and *"foregoing"* and they are different in that the attestation in *McCall* appeared **last** whereas here they appeared **first**. Therefore, we need to determine whether the physical placement of the attestations within the exhibits affected their ability to authenticate the documents.

In deciding this issue, we note not only did County Clerk Henderson mention the *physical order* of the documents to which she was attesting, she also referenced *cause numbers*. The record reveals all the documents in the exhibits mentioned one of these numbers. Consequently, the attestations performed their function and their misplacement within the exhibit did not affect their effectiveness.

■ Farrar also complains the exhibits were not properly authenticated because the attestations do not contain the information required by the rules of evidence since they do not follow the sample form affidavit in Rule 902.

Although these attestations are not in model form, they are sufficient to comply

---

1. State's Exhibits 4 and 5 contain documents of Farrar's two prior convictions for driving while intoxicated, the offenses alleged in the enhancement paragraphs.

with the requirements of Rule 902(4) because they do bear the seal of the district clerk's office, an attestation that the copy is a true copy of the original, and a signature. *See Gutierrez v. State,* 745 S.W.2d 529, 530 (Tex. App.—Corpus Christi 1988, pet. ref'd). Accordingly, we hold the documents were properly authenticated and the exhibits properly admitted. Point of error one is overruled.

In his second point of error, Farrar contends his motion for mistrial was improperly denied after the trial court sustained his objections to, and instructed the jury to disregard, the prosecutor's comment on his failure to testify.[2] Farrar has waived this complaint because he did not present it to the trial court.

■ An objection raised on appeal will not be considered if it varies from the objection made at trial. *Euziere v. State,* 648 S.W.2d 700, 703 (Tex.Crim.App.1983). At trial, Farrar objected to the prosecution's argument on the basis that the comment was outside the record and improper.[3] Now, he asserts the argument improperly commented on his failure to testify. Because Farrar's objection on appeal varies from his trial objections, we will not consider his complaint. Point of error two is overruled.

The judgment is affirmed.

---

2. The complained-of argument is:

Why do you punish people? You punish people for three reasons, folks. First is rehab. You want to rehabilitate people so they will do better. *Ask yourselves, has anything been shown to you that this defendant desires probation.* His wife tells you he can handle it himself. He's been punished by the system before and it's not made any difference. [*Emphasis added.*]

3. Farrar's specific objection was:

Your Honor, we are going to object to the arguement [sic] of counsel with regard to probation, when there is none before the jury and he's already told the jury that. I think it is improper argument.