**George MATHIS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 14–94–01252–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 15, 1996.

---

204

Theresa A. Shaunfield, Deborah Heaton McElvaney, Houston, for appellant.

Willetta Shepherd, Houston, Rhonda Amkraut Pressley, Austin, for appellee.

MURPHY, C.J., and AMIDEI and ANDERSON, JJ., concur.

## OPINION

ANDERSON, Justice.

Appellant, George Mathis, appeals from a judgment enforcing an unpaid child support obligation. The child support obligation arose from a 1977 New Jersey judgment, which the Texas Attorney General's office registered in Texas through the Uniform Interstate Family Support Act (UIFSA). TEX. FAM.CODE ANN. §§ 21.01–21.52 (Vernon Supp. 1994).[1] In seven points of error,

1. All of the provisions of the Family Code cited in this opinion were repealed. *Repealed by* Acts 1995, 74th Leg., ch. 20, § 2(1), eff. April 20 1995 (repealing all of Title 2, "Parent and Child").

The current version of these provisions are now codified in Title 5, "Parent–Child Relationship." *See* TEX. FAM.CODE ANN. §§ 101.004–264.701 (Vernon Pamph.1996); *see also* current version of

Mathis contends: (1) the trial court erred by failing to file findings of fact and conclusions of law; (2) the evidence was legally and factually insufficient to support the registration and enforcement of the foreign judgment; (3) the evidence was legally and factually insufficient to support the judgment, which required Mathis to make periodic payments for past due child support; and (4) no statutory basis exists in Texas for the requirement of periodic payments under the facts of this case. We affirm.

On April 20, 1994, the Texas Attorney General's office filed a notice of registration and motion for enforcement of a child support order on behalf of Margaret Storey, the obligee under the terms of a 1977 New Jersey judgment. In accordance with UIFSA, the State filed a certified copy of the 1977 judgment in the trial court. *See* TEX. FAM. CODE ANN. § 21.36 (providing a procedure for the registration of child-support enforcement orders under UIFSA). However, prior to filing the certified copy, the State attempted to introduce an uncertified copy of the civil judgment, which was attached to the notice of registration and motion for enforcement. Mathis attempted to vacate the registration and motion on this basis, and, in response, the State filed a certified copy of the judgment that complied with section 21.36. Mathis subsequently attacked the authenticity of the State's certified copy of the 1977 judgment because it differed slightly from the judgment attached to the notice of registration and motion for enforcement, which he introduced as evidence. Although the judgments are materially identical, the signature of the New Jersey Superior Court judge appears slightly different on the judgments. Mathis also introduced a certified letter from the clerk of the superior court in New Jersey stating that the clerk's office had no record of the 1977 proceeding. The letter also stated, however, that those records were maintained by the county.

■ In his second and third points of error, Mathis challenges both the legal and factual sufficiency of the evidence supporting the trial court's registration and enforcement of the New Jersey judgment. Mathis contends the existence of the two certified and slightly different copies of the judgment, combined with Mathis' letter from the clerk of the superior court in New Jersey, renders the judgment unauthentic and inadmissible as evidence. When both legal and factual sufficiency points are raised, we are to rule on the legal sufficiency points first. *Glover v. Texas Gen. Indem. Co.*, 619 S.W.2d 400, 401 (Tex.1981). In reviewing a claim of legally insufficient evidence, this Court must consider only the evidence and inferences which tend to support the verdict, and disregard all evidence and inferences to the contrary. *Heldenfels Bros. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex.1992). If we find any evidence of probative force to support the verdict, then the legal sufficiency challenge must fail. *International Piping Sys. Ltd. v. M.M. White & Assoc., Inc.*, 831 S.W.2d 444, 447 (Tex.App.—Houston [14th Dist.] 1992, writ denied). If, however, some evidence to support the verdict exists in the record, this Court will then review the claim of factually insufficient evidence. *Id.* In reviewing a factual insufficiency challenge, we must consider all the evidence in the record, both supporting and contrary to the judgment. *Plas–Tex, Inc. v. U.S. Steel Corp.*, 772 S.W.2d 442, 445 (Tex.1989). After considering all the evidence, the verdict should be set aside only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986).

■ The evidence supporting the registration of the 1977 judgment is the certified copy of the judgment. The judgment bears a seal from Somerset County, New Jersey and reflects the signature of the superior court judge in his official capacity, but it is a copy. Thus, the document is not self-authenticating under Rule 902(1). *See* TEX.R. CIV. EVID. 902(1).[2] Further, the certified copy of

UIFSA at TEX. FAM.CODE ANN. §§ 159.101–159.902 (Vernon Pamph.1996). For the remainder of this opinion, we will refer to the code in effect at the time of the proceeding.

2. *See* GOOD WELLBORN & SHARLOT, GUIDE TO THE TEXAS RULES OF EVIDENCE: CIVIL AND CRIMINAL § 902.2 (1993). Rule 902(1) applies only to original documents executed by public entities or officials.

the judgment submitted by the State is certified in accordance with the Family Code, which requires, for registration of support orders in this state, two copies, including one certified copy, of all orders to be registered. Mathis contends the existence of the other judgment,[3] and the letter from the New Jersey court clerk, precludes the application of the self-authentication rule of evidence. We disagree.

Rule 902(4) follows the common law in permitting a public record to be evidenced by a copy certified as correct by the custodian or other qualified public officer. GOOD WELLBORN & SHARLOT, § 902.5. Under Rule 902, such documents are self-authenticating—no authenticating witness is required. To obtain self-authenticating status for documents that are non-originals, Rule 902(4) provides as follows:

> **Certified Copies of Public Records.** A copy of an official record or report or entry therein, or of a document authorized by law to be recorded or filed and actually recorded or filed in a public office, including data compilations in any form, certified as correct by the custodian or other person authorized to make the certification, by certificate complying with paragraph (1), (2) or (3) of this rule or complying with any statute or other rule prescribed by the Supreme Court pursuant to statutory authority.

The certification required by the rule must comply with the appropriate provision of this rule for original public documents, either paragraph (1), (2), or (3). Certified copies have traditionally been permitted to prove public records because of reluctance to remove originals from their proper custody and the inconvenience of requiring testimony of the custodian in order to authenticate either an original or a copy.

Here, the State introduced a copy of a New Jersey judgment. It bears an original seal of Somerset County, and the following certification: "I hereby certify the foregoing

to be a true copy." The certification is signed by a deputy clerk. The judgment also reflects the book and page references indicating the location of the original within the records maintained by the custodian of such records. Because the copy of the judgment introduced by the State bears the seal of Somerset County, a political subdivision of New Jersey, and a signature purporting to be an attestation that the document is a true copy, it satisfies the attestation requirements of Rule 902(1). Thus, the New Jersey Judgment was properly authenticated to be admissible at trial. *Farley v. Farley,* 731 S.W.2d 733, 735 (Tex.App.—Dallas, 1987, no writ) (copy of California court decree properly admitted since it met requirements of Rule 902(4), by virtue of bearing attestation and seal of county clerk and clerk of California court); *accord Gutierrez v. State,* 745 S.W.2d 529, 530 (Tex.App.—Corpus Christi 1988, pet. ref'd) (State's exhibit of federal court judgment bearing the seal of the federal district clerk's office, an attestation that the copy is a true copy of the original, and a signature is sufficient to comply with Rule 902(4)).

▀▀▀ Appellant attacked the genuineness of the New Jersey judgment by introducing into evidence a judgment identical to the one filed by the State, but bearing a different seal and true copy certification. When the authenticity of evidence is challenged, the trial court first determines preliminary questions about its admissibility. *Steenbergen v. Ford Motor Co.,* 814 S.W.2d 755, 761 (Tex.App.—Dallas 1991, writ denied), *cert. denied* 506 U.S. 831, 113 S.Ct. 97, 121 L.Ed.2d 58 (1992); *City of Corsicana v. Herod,* 768 S.W.2d 805, 814 (Tex.App.—Waco 1989, no writ); *see also* TEX.R. CIV. EVID. 104(a) (requiring the trial judge to make preliminary determination concerning the admissibility of evidence). If the preliminary proof is sufficient to raise an issue of fact on the genuineness of the evidence, the trial

---

Copies of public records are governed by Rules 902(4) and 1005.

**3.** Mathis advised the trial court that the two judgments admitted into evidence "bore marked fatal discrepancies," thus creating a question re-

garding the authenticity of the State's copy of the judgment. We have examined the two judgments and they contain identical language, but the seals and the signatures are not an exact match.

court must admit it. *Steenbergen,* 814 S.W.2d at 761; *Herod,* 768 S.W.2d at 814. Once the evidence is admitted, the trier of fact determines the weight to give the evidence. *Steenbergen,* 814 S.W.2d at 761; *Herod,* 768 S.W.2d at 814.

By meeting the requirements for self-authentication in Rule 902(4), the certified judgment introduced by the State satisfied the preliminary determination for authenticity. Therefore, admitting evidence of another judgment did not affect this preliminary determination, but rather raised a question of the weight to be given the evidence by the trial judge, who acted as the trier of fact. Further, because the two judgments are identical in almost every respect, the judgment introduced by Mathis does not undermine the validity of the State's certified copy. Both judgments were executed the same day, contain identical terms, and were signed by the same judge.

Moreover, the signed and sealed letter from the superior court clerk in New Jersey also goes to the weight of the evidence, not whether the judgment met the standard for admissibility. Nor does the letter have any impact on the validity of the judgment. Although the clerk could not find a record of the proceeding in his office, he specifically stated that the county was responsible for issuing and maintaining those records. In sum, the State introduced a self-authenticating judgment whose validity was not effectively challenged. Based on this valid judgment, we find the evidence is legally sufficient to support the registration and enforcement of the New Jersey judgment. Additionally, because a valid judgment exists, the evidence is factually sufficient to support the registration and enforcement of the judgment. We overrule points of error two and three.

■ In points four through seven, Mathis challenges the legal and factual sufficiency of the evidence to support the trial court's September 13, 1994 judgment, which requires Mathis to make periodic payments to reduce the arrearage for his child support obligation. Specifically, Mathis contends the action by the court was improper because he presented evidence that he was self-employed, and the

judgment orders employer withholding of wages.

Trial court judges are required by law to enter an order withholding income from the disposable earnings of child support obligors to be applied toward the liquidation of child support arrearages. *See* TEX. FAM.CODE ANN. § 14.43(d) (Vernon Supp.1994). Moreover, this provision is mandatory except for several enumerated exceptions, including "good cause." TEX. FAM.CODE ANN. § 14.05(e) (Vernon Supp.1994).

Mathis, however, has not shown good cause why he should be exempt from making periodic payments as a self-employed individual. The judgment issued by the trial court ordered any present or subsequent employer of Mathis to withhold the monthly amount owed for arrearages from his earnings. Thus, the judgment applies to current and *future* employers, covering the contingency that Mathis will not always be self-employed. *See State on Behalf of Nelson v. Nelson,* 783 S.W.2d 635 (Tex.App.—Houston [14th Dist.] 1989, writ denied) (holding that even if a court finds obligor's circumstances render mandatory withholding inappropriate, the court could order withholding for arrearages if the father's circumstances change). The judgment also orders Mathis personally to pay $300 per month until the arrearage is fully paid. The statute requiring the trial courts to withhold income for child support arrearages refers to income withheld from the obligor's disposable earnings, and does not limit income withholding solely to those employed by others. *See* TEX. FAM.CODE ANN. § 14.43(d).

■ Further, section 14.42, which applies to obligors employed by an employer not subject to the jurisdiction of the court or to persons to whom section 14.43 is unworkable or inappropriate, allows a trial court, in its discretion, to require an obligor to execute a bond or to deposit security with the court, conditioned on the payment of past-due and future child support *payments* (emphasis added). TEX. FAM.CODE ANN. §§ 14.42(a) (Vernon Supp.1994). Although the trial court did not impose this obligation on Mathis, this section is instructive on what obli-

gations the trial court may impose on self-employed individuals, who may meet the "unworkable" criteria for this statute. Mathis contends that self-employed individuals may not be ordered to make periodic payments. The consequence of this argument, by implication, would be that the obligor would have to make a lump sum payment to the obligee. If this were the case, section 14.42 would be unnecessary because there would be no reason for a trial court to require a bond or other security if the obligor were to fulfill his obligation with a lump sum payment. Moreover, the use of the plural in the statute, with the word "payments", implies that periodic payments are contemplated under this section, as well as under section 14.43. Therefore, a trial court may require a self-employed person to make periodic payments to reduce a child support arrearage. Accordingly, we find the evidence legally sufficient to support the judgment and overrule point of error four.

In reviewing the factual sufficiency challenge, we must consider all of the evidence in the record, both supporting and contrary to the judgment. *Plas–Tex, Inc.*, 772 S.W.2d at 445. However, Mathis offered no evidence other than his legal argument that the applicable statute does not apply to him. His fifth point of error is, therefore, overruled.

In his sixth and seventh points of error, Mathis contends the trial court erred by ordering him to make periodic payments because there is no statutory basis for this requirement in Texas under the facts of this case. Because Mathis argues that section 14.43 does not apply to him, he contends he cannot be made to perform this obligation. However, we have already held that this statute may be applied to Mathis. Moreover, this argument underscores the reason why he should be subject to a requirement to make periodic payments. It would be unreasonable to allow Mathis to avoid an obligation imposed upon most of the work-force because collection is more difficult. We therefore overrule his sixth and seventh points of error.

In his first point of error, Mathis contends the trial court erred by failing to file findings of fact and conclusions of law.

Mathis filed a notice of past due findings when the trial court failed to comply with his initial request. *See* Tex.R. Civ. P. 294. If the trial court fails to prepare and file findings of fact and conclusions of law after a proper request, harm is presumed. *Randall v. Jennings*, 788 S.W.2d 931, 932 (Tex.App.—Houston [14th Dist.] 1990, no writ). The presumption of harm may be overcome if the record affirmatively shows the complaining party suffered no injury. *Las Vegas Pecan & Cattle Co., Inc. v. Zavala County*, 682 S.W.2d 254, 256 (Tex.1984); *Randall*, 788 S.W.2d at 932. Having found the record affirmatively shows Mathis suffered no injury, we overrule his first point of error.

The judgment of the trial court is affirmed.